IN RE APPLICATIONS A-15145, A-15146, A-15147, AND A-15148
OF THE CATHERLAND RECLAMATION DISTRICT.
CATHERLAND RECLAMATION DISTRICT, APPELLEE, V. LOWER
PLATTE NORTH NATURAL RESOURCES DISTRICT ET AL.,
APPELLANTS, CENTRAL PLATTE NATURAL RESOURCES DISTRICT
ET AL., APPELLEES.

433 N.W.2d 161

Filed December 16, 1988. No. 86-692.

George E. Svoboda, of Sidner, Svoboda, Schilke, Wiseman, Thomsen, Holtorf & Boggy, for appellants Lower Platte North N.R.D. et al.

Martin D. Johnson for appellant City of Grand Island.

Lyle B. Gill, Fremont City Attorney, for appellant City of Fremont.

Michael E. Kelley, Kearney City Attorney, for appellant City of Kearney.

Christopher H. Meyer for appellants National Wildlife Federation and Nebraska Wildlife Federation.

Robert B. Crosby and Steven G. Seglin, of Crosby, Guenzel, Davis, Kessner & Kuester, for appellee Catherland Reclamation District.

Richard G. Kopf, of Cook, Kopf & Doyle, P.C., and James E. Doyle IV, of Cook & Doyle, P.C., for appellee Central Platte N.R.D.

Jeffrey J. Davidson and Mark A. Warnquist, of Crowell & Moring; Gene D. Watson and John C. McClure; and Bruce A. Peterson for amici curiae Nebraska Public Power District and Central Nebraska Public Power and Irrigation District.

Robert M. Spire, Attorney General, and LeRoy W. Sievers for State of Nebraska.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.

This is an appeal from an order of the Nebraska Director of Water Resources (Director) granting Catherland Reclamation District the right to divert and store water from the Platte and Little Blue Rivers. We vacate the Director's order and dismiss the diversion applications.

Among the objectors are cities, individuals, natural resources districts, and both the Nebraska and National Wildlife Federations.

This is the third appeal of this matter to the Supreme Court, and will hereafter be referred to as *Little Blue III*. Previous decisions regarding this controversy may be found at 206 Neb. 535, 294 N.W.2d 598 (1980) (*Little Blue I*), and 210 Neb. 862, 317 N.W.2d 726 (1982) (*Little Blue II*). Specifics of the proposed irrigation project are discussed fully in *Little Blue I*

and will not be repeated here.

Little Blue Natural Resources District (Little Blue) originally filed four applications: A-15145, A-15146, A-15147, and A-15148. Applications A-15145 and A-15147 requested approval to divert and impound water from the Little Blue River. Applications A-15146 and A-15148 requested approval to divert and impound water from the Platte River. It is not clear whether the Director originally approved or denied A-15145 and A-15147. But A-15146 and A-15148, concerning Platte River water, were denied.

Prior to the hearings in *Little Blue III*, our opinions in this matter were confined to A-15146 and A-15148. Yet the Director's order in *Little Blue III* approves all four of the original applications. This curiosity is not questioned by any party. Apparently, the objectors have appealed the Director's approval of all four applications. Therefore, A-15145, A-15146, A-15147, and A-15148 are all subjects of this appeal.

In *Little Blue I*, the Director denied A-15146 and A-15148 because of this court's holding in *Osterman v. Central Nebraska Public Power and Irrigation District*, 131 Neb. 356, 268 N.W. 334 (1936), that water could not be diverted from one stream basin to another. In *Little Blue I*, we reversed *Osterman* and held that "the unappropriated waters of every natural stream within the State of Nebraska may be diverted from one basin to another, except when such diversion is contrary to the public interest . . . ." 206 Neb. at 548, 294 N.W.2d at 604. The cause was remanded for the Director to determine whether the proposed project would be in the public interest.

In *Little Blue II*, we also reversed the Director's decision granting the applications. The cause was remanded for a hearing on the proposed diversion's effect on endangered species under The Nongame and Endangered Species Conservation Act, Neb. Rev. Stat. §§ 37-430 to 37-438 (Reissue 1978).

The hearing before the Director in *Little Blue III* commenced September 13, 1983. Before the Director concluded the hearing, a new issue was injected in April 1985, when Little Blue purportedly assigned its four applications to Catherland Reclamation District (Catherland). In return for the

assignment, Catherland released Little Blue from further obligation to prosecute the applications. Catherland also released Little Blue from its obligations under an August 25, 1984, "Agreement." The "Release and Discharge" given to Little Blue by Catherland recites that Little Blue is released and discharged from certain obligations "even if said Assignment [of the applications to Catherland] shall hereafter be determined to be invalid." Documents evidencing this purported assignment were filed with the Director. On May 3, 1985, over objection, the Director approved the intended assignment and substituted Catherland for Little Blue as the party in interest.

In July 1985, there were several days of additional evidence in *Little Blue III*. Thereafter, in an order of July 29, 1986, the Director found that the proposed diversion would have no effect on endangered species. The applications were granted. On appeal, a composite of objectors' assigned errors includes: (1) the Director's approval of the assignment of the applications by Little Blue to Catherland; (2) the Director's failure to grant an evidentiary hearing before approving the assignment of applications; (3) sufficiency of the evidence to sustain the Director's findings regarding endangered species; (4) the Director's refusal to consider the sufficiency of water in the Platte River to support the proposed project; (5) the Director's finding that the proposed project is economically feasible; (6) various procedural and evidentiary rulings; (7) the Director's findings regarding ground water issues; and (8) the Director's finding that the proposed project is in the public's interest.

Regarding the granting of water diversion applications, our standard of review is to (1) search for errors appearing in the record; (2) determine whether the judgment conforms to law and whether it is supported by competent and relevant evidence; and (3) determine whether the Director's action was arbitrary, capricious, or unreasonable. See, Neb. Rev. Stat. § 46-210 (Reissue 1984); *In re Application A-15738*, 226 Neb. 146, 410 N.W.2d 101 (1987).

Although it had an opportunity in two of its briefs in this court to respond to the objectors' assignment of error No. 1, Catherland did not do so. It apparently was content to rely

upon its position before the Director that Neb. Rev. Stat. § 2-3233 (Reissue 1987) permits assignments of applications. As hereafter explained, that reliance was misplaced.

We determine that Little Blue's purported assignment to Catherland of its applications for diversion of water is invalid. Therefore, it is unnecessary for us to consider objectors' other assigned errors or Catherland's claim of the unconstitutionality of certain statutes not relevant to our disposition of this case.

We note that Neb. Rev. Stat. § 46-289 (Reissue 1984) requires:

> The director's order granting or denying an application shall specify the reasons for such action, including a discussion of the required factors for consideration, *and shall document such decision by reference to the hearing record, if any,* and to any other sources used by the director in making the decision.

(Emphasis supplied.) The Director's order in *Little Blue III* does discuss the required factors for consideration. Although the Director placed considerable reliance upon some testimony of several witnesses, specific citation to the record is lacking.

It was around April 29, 1985, that the objectors learned of Little Blue's intent to assign its application to Catherland. That day, several objectors filed a motion with the Department of Water Resources requesting a hearing on the purported assignment. The motion also requested that an appropriate public notice of the hearing be given. On May 1, 1985, Catherland filed documents showing Little Blue's purported assignment of the applications at issue to Catherland. Objections to the assignment were filed with the department at 12:50 p.m. on May 3, 1985. The Director held a hearing that same day, May 3, 1985, at 2:30 p.m. After argument, he immediately announced his ruling that the assignment was valid and ordered that Catherland be substituted for Little Blue as the applicant of record. The Director gave no statutory or case law supporting the validity of the assignment of an application for appropriation of water. The objectors claim that the Director's ruling was arbitrary, capricious, and unreasonable. We agree.

The Director was clearly wrong in holding the assignment to be valid. The assignment is clearly invalid as a matter of law.

As the objectors point out, there is no statutory authority permitting Little Blue to assign an application for water diversion. As a political subdivision, Little Blue has only that power delegated to it by the Legislature. A grant of power to a political subdivision is strictly construed. *Nebraska League of S. & L. Assns. v. Johnson*, 215 Neb. 19, 337 N.W.2d 114 (1983); *Vap v. City of McCook*, 178 Neb. 844, 136 N.W.2d 220 (1965). See, also, *Little Blue II.*

At all relevant times herein, § 2-3233 gave natural resources districts the power to acquire and dispose of water rights in accordance with Neb. Rev. Stat. ch. 46, art. 2 (Reissue 1984), and to acquire and dispose of personal property. Little Blue did not assign or transfer a "water right" to Catherland; it attempted to assign only pending applications to divert water. As hereinafter determined, applications for water rights are not personal property and are not assignable. Further, we find no provision within chapter 46, article 2, for the assignment of a water right application from one entity or individual to another.

An application to divert water is simply a request for permission to appropriate public waters of the state. § 46-233. Approval of an application merely authorizes the successful applicant to begin construction and to take other measures necessary to perfect the application into an appropriation. § 46-235. After an application is approved, § 46-237 requires that the applicant file a map or plat with the department detailing the proposed irrigation project. That section further provides that "no rights shall be deemed to have been acquired until the provisions of this section shall have been complied with . . . ."

By simply filing its applications to divert water, Little Blue received no "water right" which could be "disposed of" pursuant to § 2-3233. We find nothing in the statutes or their legislative history evidencing a legislative intent to grant natural resources districts the power to transfer to another entity an application for water diversion. Therefore, Little Blue was not statutorily authorized to transfer its application to Catherland. This court has made it clear that a water right applicant has no transferable property right in a mere application to divert water.

The initial step for procuring an appropriation right for irrigation purposes is the filing of an application for such permit. The granting of the application, in full or in part, is an adjudication which fixes the maximum volume of the appropriation, the rate of diversion, and the priority date. If an applicant is dissatisfied with the terms of the appropriation allowed, he must appeal, or the order becomes a final and binding adjudication. Its grant by the department is notice to senior and junior appropriators, as well as new applicants, of the extent of the appropriation. *The grant of the appropriation by the department, however, is a conditional right which becomes a perfected and completed appropriation only when the works are completed and the waters put to a beneficial use in compliance with the conditions and limitations of the grant.* It confers upon the applicant the prior right to the water against all subsequent applicants during the progress of the work if, and only if, he finally complies with the conditions and limitations of the appropriation as adjudicated by the department.

(Emphasis supplied.) *North Loup River P. P. & I. Dist. v. Loup River P. P. Dist.*, 162 Neb. 22, 28, 74 N.W.2d 863, 867 (1956).

Catherland sought the assignment of Little Blue's applications to take advantage of Little Blue's priority date. Permitting the assignment of applications could lead to collusion, thereby defeating the rights of other parties along a river. This would occur where, as here, an applicant no longer wished to pursue its application, but, instead of abandoning it, transfers it to someone who desires an early priority date. By such a procedure, parties having filed applications in the intervening period could be effectively deprived of their priority rights. Clearly, the effect of allowing such assignments is against the public interest.

That an assignment of a water diversion application is invalid is supported by *United States v. Fallbrook Public Utility District*, 165 F. Supp. 806, 855 (S.D. Cal. 1958), which held:

Until the application to appropriate is acted upon by the State Water Rights Board favorably to the applicant, and the issuance of a permit is directed, the applicant has

no property right of any kind as against the state. [The applicant has only] an inchoate, incipient, conditional right of procedural priority over later applicants . . . .

Thus, if Little Blue could assign anything, it would only be its inchoate, incipient, conditional right of procedural priority over later applicants, not its application. Carried to its logical conclusion, allowing assignments of procedural priority over later applicants would result in unfair advantage to the highest bidder. It has been held, and we so hold, that assignments of procedural rights are void. See *Name Brand Furniture Warehouse v. Cuyahoga Cty. Bd. of Revision*, No. 52192 (Ohio App. June 4, 1987). We specifically hold that applications for water rights are not personal property under § 2-3233.

Because of the invalidity of the assignment to it from Little Blue, Catherland had no standing to pursue Little Blue's applications for diversion of water from the Platte and Little Blue Rivers, either before the Director or before this court. Little Blue's abandonment of its applications is evidenced by its attempt to assign them and its acceptance of a release from further obligation to prosecute the applications.

Accordingly, the order of the Director must be vacated and the applications dismissed.

VACATED AND DISMISSED.