REQUESTED BY: Beverly Neth, Director
Department of Motor Vehicles
You have requested our opinion whether motor vehicles owned by certain governmental entities must display tax exempt license plates. Specifically, you ask whether vehicles owned by public power districts, irrigation districts, rural power districts and natural resources districts are required to display tax exempt plates and, if not, what type of license plates should be displayed on those vehicles. You also ask whether Op. Att'y Gen. No. 87096 (September 11, 1987) "is still applicable to natural resources districts."
Article VIII, § 2 of the Nebraska Constitution provides in part that the property of the state and its governmental subdivisions shall be exempt from taxation. In addition, the Legislature has enacted Neb. Rev. Stat. § 77-202 (Supp. 2005) which provides that certain property shall be exempt from property taxes. One of the categories of property exempted therein from taxation is "[P]roperty of the state and its governmental subdivisions to the extent used or being developed for use by the state or governmental subdivision for a public purpose." Neb. Rev. Stat. §77-202(1)(a).
A review of Nebraska law reveals that all of the governmental entities of which you inquire are governmental subdivisions of the state. Public power and irrigation districts are political subdivisions of the state. Neb. Rev. Stat. § 70-602 (2003); Johnson Lakes Development, Inc. v. Central Nebraska Public Power Irrigation District, 254 Neb. 418, 576 N.W.2d 806 (1998). Rural power districts are also political subdivisions. Neb. Rev. Stat. § 70-802(2) (Supp. 2005); Op. Att'y Gen. No. 88030 (April 29, 1988). Finally, natural resources districts are also political subdivisions of the state. Catherland Reclamation District v. Lower Platte North Natural Resources District, 230 Neb. 580,433 N.W.2d 161 (1988). As such, property owned by these such entities is exempt from property tax pursuant to § 77-202(1)(a).
With this background in mind, we then examine Nebraska statutes governing exemptions from payment of the state motor vehicle tax and the use of tax exempt license plates. Neb. Rev. Stat. §60-3,185(5) (Supp. 2005) provides that motor vehicles "owned by the state and its governmental subdivisions and exempt as provided in subdivision (1)(a) or (b) of section 77-202" are exempt from the motor vehicle tax otherwise imposed. Thus, the motor vehicles owned by the entities which you list in your request letter are exempt from the motor vehicle tax. The two statutes requiring the use of license plates which display the word exempt at the bottom of the plates are Neb. Rev. Stat. §60-3,107 and § 60-3,108 (Supp. 2005), both of which refer only to motor vehicles or tractors "exempt pursuant to subdivision (6) of section 60-3,185." Section 60-3,185(6) in turn, makes reference to motor vehicles owned by certain societies and organizations which qualify for a tax exemption pursuant to Neb. Rev. Stat. §77-202(1)(c) and (d). Therefore, motor vehicles owned by the state and its governmental subdivisions and exempt under §77-202(1)(a) and § 60-3,185(5) do not fall within the provisions of either § 60-3,107 or § 60-3,108. In answer to your question, it is our opinion that motor vehicles owned by the four governmental entities which you list are not required to display license plates including the word exempt.
You have also inquired about a prior opinion issued by this office, Op. Att'y Gen. No. 87096. That opinion discussed several issues with regard to natural resources districts, government license plates and payment of registration fees and taxes. We note that this prior opinion, after answering a question about the use of government plates under Neb. Rev. Stat. § 60-311(3) (now repealed), suggests at page 3 that Neb. Rev. Stat. § 60-311.02 (also repealed) required that vehicles owned by natural resources districts display plates with the words tax exempt rather than government plates. To the extent that statement conflicts with our current opinion, we believe it to be incorrect and inconsistent with current statutes.
Finally, you have asked what type of license plates should be displayed by motor vehicles owned by these specific governmental subdivisions. We have reviewed the statutes pertaining to types of license plates issued by the Department and find they do not clearly resolve which type of license plates should be displayed by the governmental subdivisions listed in your request letter. The motor vehicles owned by these entities do not appear to be covered, for example, by Neb. Rev. Stat. § 60-3,104(16) or (17) or any other current statute providing for distinctive plates. It appears that legislative action would be necessary in order to provide the Department with the authority to issue a distinctive license plate to be displayed on vehicles owned by the entities in question.
 Sincerely, JON BRUNING Attorney General
 Lynn A. Melson Assistant Attorney General
 Approved: __________________________________ Attorney General