City of Lincoln, appellee, v. Central Platte Natural
Resources District et al., appellees, and
County of Saunders, appellant, Application A-17312
of City of Lincoln.
638 N.W.2d 839

Filed February 8, 2002.    No. S-00-1076.

Thomas S. Jaudzemis, Saunders County Attorney, and Grant A. Porter for appellant.

Dana W. Roper, Lincoln City Attorney, and Steven Huggenberger for appellee City of Lincoln.

James E. Doyle IV, of Cook, Wightman & Doyle, for appellee Central Platte Natural Resources District.

Michael C. Klein, of Anderson, Klein, Peterson & Swan, for appellee Central Nebraska Public Power and Irrigation District.

Lawrence Raful, Creighton University School of Law, amicus curiae.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, McCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

On September 9, 1993, the City of Lincoln filed an application for a permit to appropriate flows of the Platte River for induced ground water recharge. On September 23, 1999, Saunders County filed an "Objection and Request for Hearing" and prayed to become a party to the proceedings. The director of the Department of Natural Resources (Department) subsequently denied Saunders County's request to become a party. Saunders County appeals.

## SCOPE OF REVIEW

■ In an appeal from the Department, an appellate court's review of the director's factual determinations is limited to deciding whether such determinations are supported by competent and relevant evidence and are not arbitrary, capricious, or unreasonable; however, on questions of law, which include the meaning of statutes, a reviewing court is obligated to reach its conclusions independent of the legal determinations made by the director. See, *Ponderosa Ridge LLC v. Banner County*, 250 Neb. 944, 554 N.W.2d 151 (1996); Neb. Rev. Stat. § 61-205 (Cum. Supp. 2000) (authorizing Department of Natural Resources to exercise powers and perform duties assigned to Department of Water Resources prior to July 1, 2000).

## FACTS

After the City of Lincoln filed its application, a notice was published in the Omaha World-Herald which specified that the deadline for filing objections and requests for hearing was August 17, 1994. A number of parties timely filed objections, but after various hearings were held, some of the objectors were dismissed. The remaining objectors included Central Nebraska Public Power

and Irrigation District, Central Platte Natural Resources District (CPNRD), Loup Basin Reclamation District, Nebraska Public Power District, and Twin Loups Reclamation District.

On February 2, 1998, the City of Lincoln entered into two settlement agreements—one with CPNRD and one with the remaining objectors. Pursuant to the settlement agreement with CPNRD, the City of Lincoln filed a corresponding amendment to its application reducing the streamflow originally requested. On September 24, the City of Lincoln filed a second amendment to its application further reducing its streamflow request. Settlement agreements were signed, and upon the Department's acceptance of the amended application, the objectors were to withdraw their objections to the application. The Department then took the amended application under advisement.

On September 23, 1999, Saunders County filed an "Objection and Request for Hearing" on the application, seeking to become a party to the proceedings. The City of Lincoln opposed Saunders County's participation at such a late date and requested that the Department dismiss the objection.

Pursuant to Department rules, a notice was issued on October 6, 1999, stating that a hearing would be held to consider Saunders County's request to become a party. The notice stated that Saunders County would bear the burden of providing evidence as to the factors set forth in 454 Neb. Admin. Code, ch. 4, § 001.02C (1994), which include consideration of (1) the reason Saunders County did not file its request to be made a party by the time stated in the initial notice, (2) the degree of interest alleged by Saunders County, (3) whether Saunders County's interest was represented by another party, (4) whether Saunders County's participation would be helpful in rendering a decision, and (5) whether Saunders County's participation would unduly disrupt or delay the proceeding. Prior to the hearings, Saunders County made no objection to either the notice or the application of § 001.02C to the proceedings.

At hearings held on December 20 and 21, 1999, and January 28, 2000, to consider Saunders County's request to become a party, the participants included Saunders County, the City of Lincoln, CPNRD, Central Nebraska Public Power and Irrigation District, and Nebraska Public Power District. At the December

144

20, 1999, hearing, Saunders County orally requested that the Department hire an independent hearing officer, and the request was denied. Following the hearings, Saunders County filed repeated motions for disqualification of the hearing officer. The Department denied all of these motions.

The director denied Saunders County's request to become a party on September 12, 2000. A portion of the director's order stated:

13. Saunders County argues that it has sufficient interest in the subject matter of the lawsuit because it would be harmed if the City is not required to apply for and receive the induced ground water recharge water right specified in the City's original application. The City and the objectors argue that the County misunderstands the nature of this proceeding. The City is already using water from wells for which the induced recharge appropriation is sought. Thus, the argument goes, any recharge appropriation granted affords the County more protection of any water-based interests it has than exists without the appropriation. From the City's perspective it is not a matter of harm to the County which is at issue but how much benefit the County will gain from any appropriation granted. The argument is different than the usual objection to an application in which objectors seek to reduce the quantity that will actually be granted by the Department. The Department is expressly permitted to take such action (Neb. Rev. Stat. § 46-235(4)). In this matter the City has pending a request to amend its application to reduce the quantity of flow specified in its application. In effect, the County argues that this request provides it with sufficient interest to become a party because the County argues, if the Department rejects the amendment then the City will be forced to proceed with the application at the higher flow rates. What the County argument does not consider is the City's right to simply seek to amend its application again if the most recent amendment is rejected. Fundamentally, however, the question remains whether the County would have a sufficient interest in the proceeding because of the possible increased benefits if the application amendments

would be rejected. A complicating factor in this matter is the County's original "Objection and Request for Hearing" which specifically prays that the City's application be denied. The objection has not been amended. The County's argument, however, is moot because the County has failed to prove either that it will be benefited or harmed if the City's application, either in its original form or as amended, is granted.

14. In its Reply Brief, Saunders County asserts that the City will unlawfully appropriate the County's riparian water supply if the City is granted the induced recharge water right as requested in this proceeding pursuant to the second amendment. In addition to failing in this proceeding to establish that it has any riparian water rights, this argument also fails because it is not the granting of the induced recharge water right which appropriates the County's alleged riparian water but rather it is the use by the wells which the City previously placed in operation as long as 37 years ago (i.e. 1963 wells).

15. In summary, Saunders County's request to become a party to this matter should be denied because it failed to meet its burden of proof (1) that it has sufficient interest in the subject matter to be a party, (2) that its participation would be helpful in rendering a decision, and (3) that its participation at the time of filing would not unduly disrupt or delay the proceeding. Each factor separately is sufficient to deny Saunders County's request.

Saunders County petitioned for rehearing, which was denied, and the county timely appealed.

## ASSIGNMENTS OF ERROR

Saunders County makes 20 assignments of error, which we have summarized and restated. Saunders County claims the Department erred (1) in providing incorrect notification as to the issues to be resolved and incorrectly stated the burden of proof to be used in determining whether Saunders County could become a party; (2) in failing to make a complete record of the proceedings; (3) in allowing improper and unrecorded ex parte communications, in violation of Neb. Rev. Stat. § 84-914(6)(c) and (d)

(Reissue 1999); (4) in denying Saunders County's petition for a hearing before the director or a new and independent hearing officer, based on a violation of Neb. Rev. Stat. § 84-913.04 (Reissue 1999); and (5) in denying Saunders County's request for subpoenas. Saunders County also claims that the Department erred in finding that the county should not be permitted to become a party to the application proceedings.

## ANALYSIS

■ The principal issue for our consideration is whether the Department erred in denying Saunders County's request to become a party. Saunders County's remaining assignments of error will be considered as they relate to the county's request to become a party. To the extent Saunders County argues that it was denied due process, we do not consider such arguments. U.S. Const. amend. XIV and Neb. Const. art. I, § 3, prohibit the State from depriving any "person" of life, liberty, or property without due process of law. *Rock Cty. v. Spire*, 235 Neb. 434, 455 N.W.2d 763 (1990). A county, as a creature and political subdivision of the State, is neither a natural nor an artificial person. *Id.*

In an appeal from the Department, an appellate court's review of the director's factual determinations is limited to deciding whether such determinations are supported by competent and relevant evidence and are not arbitrary, capricious, or unreasonable; however, on questions of law, which include the meaning of statutes, a reviewing court is obligated to reach its conclusions independent of the legal determinations made by the director. See, *Ponderosa Ridge LLC v. Banner County*, 250 Neb. 944, 554 N.W.2d 151 (1996); § 61-205.

Saunders County claims that the Department used incorrect standards in determining whether to allow it to become a party. A hearing notice dated October 6, 1999, listed the standards set forth in § 001.02C. Saunders County asserts that the notice should have contained the factors with respect to granting intervention stated in Neb. Rev. Stat. § 84-912.02 (Reissue 1999). We disagree.

■ This court will take judicial notice of general rules and regulations established and published by Nebraska state agencies under authority of law. *Raben v. Dittenber*, 230 Neb. 822,

434 N.W.2d 11 (1989). Pursuant to Neb. Rev. Stat. § 81-112 (Reissue 1996), the director of the Department is empowered to prescribe regulations for the conduct of its business. Agency regulations, properly adopted and filed with the Secretary of State of Nebraska, have the effect of statutory law. *Lynch v. Nebraska Dept. of Corr. Servs.*, 245 Neb. 603, 514 N.W.2d 310 (1994). Section 001.02C has been adopted by the Department and filed with the Secretary of State.

Saunders County did not object to the hearing notice at the time of the prehearing conference, and the county has not demonstrated any reason why § 84-912.02 should have been applied, as opposed to § 001.02C. Thus, Saunders County has failed to establish that the application of § 001.02C was error.

Saunders County next complains that the Department failed to keep complete official records and failed to disclose "the proposed, draft or recommended decisions or orders authored by LeRoy W. Sievers." See brief for appellant at 31-32. Neb. Rev. Stat. § 84-913 (Reissue 1999) provides that in a contested case, all parties shall be afforded an opportunity for hearing after reasonable notice.

The Department's decision is not arbitrary, capricious, or unreasonable simply because the record does not contain drafts of the hearing officer's findings. We conclude this assignment of error is without merit.

Next, Saunders County makes two related claims. First, Saunders County alleges that Susan France, LeRoy W. Sievers, and the director engaged in ex parte communications and that the Department failed to make a record of these ex parte communications as required by § 84-914(6)(d) and Neb. Rev. Stat. § 84-915.01(2)(b) (Reissue 1999). Second, Saunders County alleges that Sievers served as the hearing officer and that France assisted Sievers, in violation of § 84-913.04. Saunders County alleges that Sievers and France served as "investigators" as to the correctness and completeness of the City of Lincoln's application and are therefore prohibited from serving as or assisting the hearing officer in a contested case. France was the unit supervisor for permits and adjudications and later was the division manager.

Saunders County claims that Sievers should have disqualified himself as a hearing officer. Section 84-913.04(1) provides: "A

person who has served as investigator, prosecutor, or advocate in a contested case or in its prehearing stage may not serve as hearing officer or assist or advise a hearing officer in the same proceeding . . . ." Section 84-914(6)(c) provides:

No agency head or employee engaged in the investigation or enforcement of a contested case shall make or knowingly cause to be made an ex parte communication to a hearing officer or agency head or employee who is or may reasonably be expected to be involved in the decisionmaking process of the contested case.

We therefore consider whether the activities of Sievers and France prevented them from participating in the hearings involving Saunders County.

Saunders County points to specific documents written by or sent to France while she was the unit supervisor for permits and adjudications and later while she was the division manager. As the division manager, France was responsible for processing permit applications. She reviewed the application for completeness and accuracy so that the director could make a decision based on the information required by applicable state laws. France signed the initial notice concerning the application that was published in July 1994. On December 21, 1998, Dr. Ann Bleed sent a memorandum to France regarding her concerns about the City of Lincoln's application. Bleed is the state hydrologist, who advises Department staff as to the hydrologic information provided by applicants. The memorandum raised doubts about whether the information in the application was sufficient to make a determination on the minimum flow necessary to maintain the well field. On May 17, 1999, France sent a memorandum to the attorneys for the City of Lincoln and CPNRD that referred to prior discussions. The City of Lincoln sent a letter in reply to France with a copy to CPNRD discussing the Department's concerns with the application. France then sent a memorandum to Sievers, Bleed, and Mary Lonowski. The memorandum raised a legal question for Department counsel and asked if there were other matters that needed to be addressed prior to staff working on a draft order for the director's consideration. Each of these documents was sent before Saunders County requested to become a party to the application proceedings.

When Sievers denied Saunders County's request for a new hearing officer, his written findings stated that he had been a full-time employee of the Department from July 2, 1991, through December 31, 1999, serving as a special assistant to the director until August 1, 1999, and legal counsel thereafter. He was retained by the Department to serve as a hearing officer in this matter on January 6, 2000. In his capacity as special assistant and legal counsel, Sievers provided legal advice to Department staff to assist them in deciding how to proceed with applications in general. As the hearing officer in this matter, he had no discussions with Bleed, who assisted the director in his role as decisionmaker, regarding the merits of the case.

Sievers' order stated that traditionally, the Department utilized field staff to perform investigations in response to complaints or to prepare for adjudications. Due to the small number of staff available to serve as hearing officers, any staff member who might function as an advocate or prosecutor for the Department in a contested matter was advised to discuss substantive matters only with the investigators. Anyone who provided additional assistance to the advocate or prosecutor was precluded from assisting or discussing facts of the case with another staff member who might later serve as a hearing officer, assist a hearing officer, or assist the director in making a decision.

Sievers found that the exhibits referred to by Saunders County reflected the processing of an application by staff in order that an informed decision could be made by the director. He concluded that although Saunders County alleged that the foregoing was an investigation under the Administrative Procedure Act, Saunders County had provided no authority to support that interpretation.

On September 12, 2000, the director denied Saunders County's petition for a hearing before a new and independent hearing officer or before the director. The director explained:

> In the present matter, no one in the Department performed any investigation for the purpose of presenting any evidence as an advocate or prosecutor in this matter. This case has been contested since 1994. When cases are contested, i.e., there is an applicant and at least one objector, the Department does not participate as an advocate or prosecutor and

does not perform investigations. No one in the Department who has participated in this matter has functioned as an advocate or prosecutor. Consequently, the Department has not advocated any position or prosecuted any entity. The Department is processing the application and, as deemed necessary, Department employees have requested information in order to have included in the Department files information necessary for the Director to make decisions required under the applicable laws.

Saunders County's basis for claiming that Sievers and France were investigators is stated in its brief as follows:

The [Department] has no rules or regulations concerning the requirements set forth in Neb. Rev. Stat. §§84-913.04 and 84-914(6) (Reissue 1999). The [Department] has ignored the requirements of said statutes in this contested case. Neb. Rev. Stat. §84-913.04 (Reissue 1999) was intended to prohibit agency employees that have served as investigators in contested cases (i.e. investigating the completeness and correctness of applications for appropriating surface water from the Platte River) from serving as the hearing officer or assisting the hearing officer. Neb. Rev. Stat. §84-913.04 (Reissue 1999) is intended to prevent the result reached in Central Platte NRD v. State of Wyoming, 245 Neb. 439, 513 N.W.2d 847 (1994) wherein Ann Bleed[,] State Hydrologist[,] was allowed to serve as hearing officer concerning CPNRD's application for an instream flow appropriation. . . .

Susan France and LeRoy W. Sievers have both served as investigators to determine the correctness and completeness of Lincoln's Application and Amendments thereto and are prohibited by Neb. Rev. Stat. §84-913.04 (Reissue 1999) from serving as or assisting the hearing officer in this contested case.

See brief for appellant at 30-31.

■ "Administrative adjudicators serve with a presumption of honesty and integrity." *Central Platte NRD v. State of Wyoming*, 245 Neb. 439, 465, 513 N.W.2d 847, 865 (1994). There is no factual support for Saunders County's conclusion that Sievers and France were investigators in this matter. Saunders County

has made the assumption that Sievers and France were investigators but does not discuss what would constitute an investigation, and the term "investigator" is not defined in the Administrative Procedure Act.

The Legislature specifically barred only prosecutors, investigators, and advocates from participating as hearing officers in administrative hearings. See § 84-913.04. In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning; an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *Maxwell v. Montey*, 262 Neb. 160, 631 N.W.2d 455 (2001). In construing a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense. *Fontenelle Equip. v. Pattlen Enters.*, 262 Neb. 129, 629 N.W.2d 534 (2001).

Here, the director found that no one in the Department had performed an investigation for the purpose of presenting evidence and that no one in the Department had participated as an advocate or prosecutor. Under the facts of this case, we conclude that Sievers and France were not prosecutors, investigators, or advocates so as to be prohibited from participation in the application proceedings. Saunders County has not shown that either Sievers or France was prohibited by § 84-913.04 from serving as a hearing officer or advising the hearing officer.

Next, Saunders County claims that Sievers erred in denying its request for subpoenas for Bleed and France. If Bleed became a witness, then she would be unable to participate in the decisionmaking process. France also worked for the Department as a division manager and assisted Sievers in this case. In *Central Platte NRD*, 245 Neb. at 464, 513 N.W.2d at 864, we stated:

> When the Nebraska Evidence Rules apply to an administrative hearing, those persons performing adjudicative functions are presumptively incompetent to testify. To hold otherwise would enable the parties to remove unwanted adjudicators simply by requesting a subpoena. However, there are limits to an agency's power to shield its employees from a subpoena. An employee with unique

knowledge indispensable to the adjudication may be subject to a subpoena.

Saunders County had the burden to show that Bleed and France possessed unique knowledge indispensable to the determination of whether the county should have been allowed to become a party. Saunders County's claim that Bleed and France had unique knowledge does not explain what unique knowledge was relevant to the case. Saunders County claims Bleed possessed unique knowledge based on a December 21, 1998, memorandum found in exhibit 151. The document was admitted into evidence, and Saunders County failed to show what more Bleed would have added. As to France, Saunders County claims that she communicated with the parties involved and with Sievers and the director. We conclude that Saunders County has not shown that France had knowledge that was indispensable to its request to become a party.

The remaining issue is whether the director's denial of Saunders County's request to become a party was arbitrary, capricious, or unreasonable. Saunders County introduced evidence concerning the factors outlined in § 001.02C. A member of the Saunders County Board of Supervisors testified as to why Saunders County did not object earlier. He stated that Saunders County objected to the amended application after it learned that the City of Lincoln was not asking for sufficient water to adequately recharge the aquifer under the Platte River and provide water for Saunders County. The director concluded that Saunders County had adequately explained its failure to ask to be named a party at an earlier date.

The director found that the most significant factor in Saunders County's request to become a party was the degree of interest alleged. Saunders County alleged interest in the application based on the following: (1) the interests of its citizens, (2) the rights of the Clear Creek Drainage District, (3) Saunders County zoning regulations, (4) the county's rights to county roads pursuant to Neb. Rev. Stat. § 39-1410 (Reissue 1998), and (5) the county's riparian rights.

With respect to Saunders County's alleged interests, the director found that (1) the county had no standing to participate in the proceedings on the basis of its citizens; (2) the Clear Creek

Drainage District was a separate legal entity in which the county did not have an interest; (3) the county's comprehensive development plan and zoning resolution were not evidence of harm to existing uses of water or water rights; (4) the county's right-of-way provided no interest, and there was no showing as to how the City of Lincoln's application would affect the use of the property as a road; and (5) the county had failed to show that it was a riparian owner. Thus, the director concluded that Saunders County had failed to demonstrate any sufficient interest that would entitle it to become a party to the application proceedings.

We conclude that the actions of the director were supported by competent and relevant evidence and were not arbitrary, capricious, or unreasonable.

## CONCLUSION

Saunders County has failed to establish that the Department's denial of its request to become a party to the application proceedings was arbitrary, capricious, or unreasonable. Therefore, the Department's decision is affirmed.

AFFIRMED.

STEPHAN, J., not participating.