DODGE COUNTY BOARD OF EQUALIZATION, COUNTY OF DODGE,
A POLITICAL SUBDIVISION OF THE STATE OF NEBRASKA,
APPELLANT, V. NEBRASKA TAX EQUALIZATION AND
REVIEW COMMISSION, APPELLEE.

639 N.W.2d 683

Filed February 26, 2002.   No. A-01-600.

Joe Stecher, Dodge County Attorney, and Cynthia Schuele for appellant.

Don Stenberg, Attorney General, and L. Jay Bartel for appellee.

HANNON, INBODY, and CARLSON, Judges.

CARLSON, Judge.

## INTRODUCTION

The Dodge County Board of Equalization (Board) appeals from an order of the Nebraska Tax Equalization and Review Commission (TERC) increasing unimproved agricultural land values in Dodge County by 5 percent. For the reasons set forth fully below, we affirm.

## BACKGROUND

In 2000, the agricultural property in Dodge County was divided into four market areas. Market area 1 is in the northwest corner of Dodge County, market area 2 is in the southeast section, market area 3 is in the northeast section, and market area 4 is in the southwest quarter. A portion of market area 3, referred

to in this opinion as "market area 3A," is situated on the Elkhorn River, adjacent to U.S. Highway 275.

On April 12, 2001, TERC issued an order to show cause, ordering the Board to appear and show cause as to why the value of agricultural land in Dodge County or its subclasses should not be corrected or adjusted as follows: "Increase by 6% the entire Agricultural Class of property, or increase by 15% the subclass Market Area 3 of the Agricultural Class of property, or such other adjustment as may promote uniform and proportionate assessments consistent with the Constitution and the laws of the State of Nebraska."

TERC stated that according to filings by the property tax administrator, Dodge County was currently outside the statutory range of value for agricultural land at 73 percent. The acceptable range of assessment for agricultural land is from 74 to 80 percent of the actual value. See Neb. Rev. Stat. §§ 77-201 and 77-5023 (Cum. Supp. 2000).

A hearing was held on April 24, 2001. At that hearing, Kathleen Reeves, the state assessing officer in Dodge County, acknowledged that some adjustment to the agricultural land values in Dodge County was required. Reeves testified that after reviewing the valuation information for all four market areas of Dodge County, she noticed that the median level of value for agricultural property in market area 3, at 65.9 percent, was significantly lower than the other three market areas. Reeves testified that she then reviewed the 24 property sales that had taken place in market area 3 during 2000.

Reeves testified that she identified 9 sales out of the 24 in which she believed the land purchased was being used for recreational, not agricultural, purposes. Reeves testified that within these nine parcels, the land was valued at $150 per acre, but had sold for an average of $770 per acre. At the hearing, Reeves requested that TERC carve out an area in which these nine sales occurred and designate this area as market area 3A. Reeves also requested that TERC increase this market-area value by 214 percent. Reeves testified that this adjustment would bring the median level of value in market area 3A to 76.84 percent and that the median level of value in market area 3 would rise to 70.05 percent. The record shows that a 214-percent increase in

market area 3A would bring the median level of value county-wide to 75 percent.

Reeves testified that besides creating a new market area 3A and increasing its value by 214 percent, TERC had other options, including the following: increasing the value of all agricultural land in Dodge County by 5 percent, which would increase the median level of value countywide to 77 percent; increasing the value of all agricultural land in Dodge County by 6 percent, which would increase the median level of value countywide to 78 percent; increasing the value of all agricultural land in market area 3 of Dodge County by 15 percent, which would increase the median level of value countywide to 75.88 percent; or increasing the value of all agricultural land in market area 3 of Dodge County by 16 percent, which would increase the median level of value countywide to 76.54 percent.

At the hearing, the Dodge County Attorney advocated that TERC not order an adjustment to the entire class of unimproved agricultural land in Dodge County, but, rather, either increase agricultural land values in market area 3 by 16 percent or create a new market area, 3A, and increase the value in that area by 214 percent.

After the hearing, TERC issued its written findings and order. TERC ordered that the value of all unimproved agricultural property in Dodge County be increased by 5 percent, bringing the median level of value to 77 percent, the midpoint of the acceptable range under the applicable statutes.

The Board appeals.

## ASSIGNMENTS OF ERROR

On appeal, the Board argues that TERC erred in (1) relying upon statistics prepared by the property tax administrator, which included sales that should not be considered as "comparable sales" for the purpose of determining current market values; (2) adjusting the entire agricultural class of property in Dodge County by 5 percent, which decision does not conform to law, is not supported by competent evidence, and is arbitrary, capricious, and unreasonable; and (3) conducting a further hearing on April 25, 2001, and admitting further evidence into the record, where the Board was not present as a party and at which the

Board was not offered the opportunity to review or object to admitted evidence.

## STANDARD OF REVIEW

▉ Neb. Rev. Stat. § 77-5019(5) (Cum. Supp. 2000) provides that appellate review of a decision by TERC shall be conducted for error on the record of TERC. When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *County of Douglas v. Nebraska Tax Equal. & Review Comm.*, 262 Neb. 578, 635 N.W.2d 413 (2001). However, in instances where an appellate court is required to review cases for error appearing on the record, questions of law are reviewed de novo on the record. *Id.*

## ANALYSIS

*Comparable Sales.*

On appeal, the Board argues that TERC erred in relying upon statistics prepared by the property tax assessor, which included sales that should not be considered as "comparable sales" for the purpose of determining current market values. Specifically, the Board contends that "[t]he evidence presented to TERC demonstrated that there were nine sales in Market Area 3-A that were unique and should not have been considered in the valuation because the land was acquired for recreational rather than agricultural purposes." Brief for appellant at 11.

TERC argues that we cannot consider the issue of the nine sales as comparable sales because this issue was not presented at the hearing. The record shows that the Board did not object when evidence of the nine sales was entered into evidence as comparable sales.

▉ We note that "an appellate court will not consider an issue on appeal that was not presented to or passed upon by the trial tribunal." *Metropolitan Utilities Dist. v. Twin Platte NRD*, 250 Neb. 442, 447, 550 N.W.2d 907, 911 (1996).

The Board argues that this court may remand this cause for further proceedings pursuant to § 77-5019(5), which states, "If the court determines that the interest of justice would be served by the resolution of any other issue not raised before the commission,

the court may remand the case to the commission for further proceedings." We determine that the interest of justice would not be served by remanding the cause to TERC for further proceedings. Although the exact issue of the nine sales as comparable sales was not addressed at the hearing below, there was a tremendous amount of evidence presented at the hearing regarding those nine sales and their effect on the valuation of agricultural land in Dodge County. Therefore, TERC clearly considered this issue below, and it is unnecessary to remand the issue for further consideration.

*Five-Percent Adjustment.*

On appeal, the Board argues that TERC erred in adjusting the entire agricultural class of property in Dodge County by 5 percent, which decision does not conform to law, is not supported by competent evidence, and is arbitrary, capricious, and unreasonable.

Specifically, the Board argues that TERC erred in failing to adopt Reeve's recommendation to designate a special market area as "market area 3A" and increase the value of this particular market area by 214 percent. The Board argues that "TERC disregarded this proposal which was supported by all the evidence in the record, was uniformly supported by all the parties at the hearing, and which went unchallenged." Brief for appellant at 16. We disagree.

Section 77-5023 states:

> (1) Pursuant to section 77-5022, the commission shall have the power to increase or decrease the value of a class or subclass of real property of any county or tax district or real property valued by the state so that all classes or subclasses of real property in all counties fall within the acceptable range.
>
> . . . .
>
> (3) For agricultural land, the acceptable range shall be from seventy-four percent to eighty percent of actual value of agricultural land . . . .

It is uncontested on appeal that the agricultural land in Dodge County did not fall within the acceptable statutory range and that a change had to be made to bring Dodge County in accordance

with § 77-5023. At the hearing, Reeves and her counsel proposed that TERC create a new market area designated "market area 3A" and order an increase of 214 percent to the agricultural land values in this new market area. The Board requested the same adjustment.

On appeal, TERC argues that it lacked the authority to create the new market area 3A as requested by Reeves and the Board. As noted in § 77-5023(1) above, TERC has the power to "increase or decrease the value of a class or subclass of real property." TERC argues, and we agree, that TERC's authority does not extend to granting TERC power to create market areas in exercising its statewide equalization function.

Additionally, even if TERC had the authority to create market area 3A and increase land values by 214 percent within this area, this proposal was not supported by competent evidence. At the hearing, Reeves testified that if market area 3A was created, the area would include 200 parcels of land. Reeves also testified that although most of the property owners in that area would be farmers, not recreational users, each property would be subject to the 214-percent increase unless the farmers applied for "green belting." The record shows that green belting is a special assessment procedure in which the agricultural landowners could have applied for a special valuation and not been subjected to the 214-percent increase. At the hearing, TERC expressed concern over whether farmers in market area 3A could apply for green belting before the June 30 deadline and whether such an increase was necessary solely because of the nine sales which had sold at an average of $770 per acre. Although the sales prices of those nine lots were well above the expected value of the land, $150 per acre, Reeves testified that the sales were unusual. Given these facts, the record shows that TERC's reasons for failing to create market area 3A and increase land values by 214 percent within this area were valid.

Instead of creating a new area within a market area, and increasing land values within the new area by 214 percent, TERC increased agricultural property values in Dodge County across the board by 5 percent. This 5-percent across-the-board increase resulted in a median level countywide of 77 percent. The adjustment ordered by TERC conforms to law, as it falls at the midpoint

of the acceptable range as required by § 77-5023(2). Therefore, we conclude that TERC did not err in adjusting the entire agricultural class of property in Dodge County by 5 percent. TERC's decision conforms to law, is supported by competent evidence, and is not arbitrary, capricious, or unreasonable.

*Due Process.*

On appeal, the Board contends that TERC erred in conducting a further hearing on April 25, 2001, and admitting further evidence into the record, where the Board was not present as a party and was given no opportunity to review or object to the admitted evidence. The Board argues that its due process rights were violated by the April 25 hearing.

At the close of the hearing on April 24, 2001, TERC recessed until the following day in order to issue its findings and an order. At that time, the parties were excused, but told that they were entitled to come back the next day. On April 25, TERC reconvened the hearing to issue its order. The Board failed to appear, but the attorney for Reeves, who in effect represented the Board's position at the original hearing, was present at the April 25 hearing. That attorney did not object when TERC entered into evidence two documents, forming the basis of its decision.

■ Additionally, we note that the Nebraska Supreme Court has held that "[a] county, as a creature and political subdivision of the State, is neither a natural nor an artificial person. . . . Accordingly, a county cannot invoke the protection of the 14th amendment against the State." *Rock Cty. v. Spire*, 235 Neb. 434, 447-48, 455 N.W.2d 763, 771 (1990).

For the above reasons, we conclude that TERC's proceedings on April 25, 2001, did not deprive the Board of due process.

## CONCLUSION

After reviewing the record before us, we conclude that TERC did not err in relying upon statistics prepared by the property tax administrator, which included nine sales in which the land appeared to be used for recreational and not agricultural purposes, in adjusting the entire agricultural class of property in Dodge County by 5 percent, or by conducting a further hearing on April 25, 2001, and admitting further evidence into the record.

TERC's decision conforms to the law, is supported by competent evidence, and is not arbitrary, capricious, or unreasonable.

AFFIRMED.