SAUNDERS COUNTY, APPELLANT, V.
METROPOLITAN UTILITIES DISTRICT-A, APPELLEE.
SAUNDERS COUNTY, APPELLANT, V.
METROPOLITAN UTILITIES DISTRICT-W, APPELLEE.
645 N.W.2d 805

Filed May 14, 2002.    Nos. A-01-554, A-01-555.

Thomas S. Jaudzemis, Saunders County Attorney, and Grant A. Porter for appellant.

Daniel G. Crouchley for appellee.

IRWIN, Chief Judge, and HANNON and INBODY, Judges.

IRWIN, Chief Judge.

## I. INTRODUCTION

Saunders County appeals from orders of the Department of Natural Resources (Department) dismissing 18 causes of action. The Department dismissed the 1st cause of action in one order and dismissed the 2d through 18th causes of action in another order; the appeals of each order have been consolidated. On appeal, Saunders County asserts various errors, including the continued involvement of the hearing officer, LeRoy W. Sievers; the denial of subpoenas; and the dismissal of the causes of

action. We find no merit to Saunders County's assertions on appeal, and the orders of the Department are affirmed.

## II. BACKGROUND

### 1. FACTUAL BACKGROUND

On October 6, 1993, Metropolitan Utilities District (MUD) filed an application with the Department for a permit to appropriate natural flow from the Platte River for induced ground water recharge. The project proposed by this first application is known as the Platte West Wellfield. On March 1, 1994, MUD filed an application with the Department concerning ground water transfer for the Platte West Wellfield. A combined notice was issued for both applications. On or about July 22 and 27 and August 3, the notice was published in the Omaha World-Herald newspaper, and on or about July 20 and 27 and August 3, the notice was published in the Ashland Gazette newspaper. Saunders County apparently did not file any objections or requests for hearing on the applications during the time set forth in the notice. On December 10, 1998, an order from the Department was issued granting the two applications.

On May 11, 1999, Saunders County filed a complaint with the Department. In the complaint, which is approximately 125 pages long including attached exhibits, Saunders County set forth 15 causes of action against MUD, requested registration and decommissioning of various wells, and asserted that the order of the Department granting the two applications was void because of various inadequacies in the applications and the findings granting the applications. Saunders County prayed for a hearing, an order to register or decommission various wells, and a cease and desist order restraining the withdrawal of water from wells until certain permits were issued. On June 9, the Department entered an order requesting briefs on the question of Saunders County's standing to pursue various of the causes of action making allegations concerning the applications. Specifically, the order noted that the time for requesting a rehearing or filing an appeal concerning the applications had passed and that Saunders County was not a party to the initial proceedings which resulted in the applications being granted.

On August 30, 1999, Saunders County filed an amended complaint. In the amended complaint, which is more than 150 pages long including exhibits, Saunders County set forth the same 15 causes of action set forth in the original complaint and added an additional 3 causes of action, for a total of 18 causes of action. Saunders County prayed for relief similar to that prayed for in the original complaint.

On November 24, 1999, the Department issued an order finding that there could be MUD wells that had not been properly registered or needed to be decommissioned. In the order, the Department ordered a field investigation. The order noted that the issue of registration, construction, and decommissioning of wells was raised in the first cause of action in Saunders County's amended complaint. As such, this order dealt with only the first of the causes of action in Saunders County's amended complaint.

On December 22, 1999, the Department issued an order concerning the remaining 17 causes of action. In the order, the Department determined that Saunders County did not have standing to assert the 2d through 18th causes of action in the amended complaint. Accordingly, the Department dismissed the 2d through 18th causes of action. In the order, the Department noted that the order was being issued without a hearing and set forth the procedures for Saunders County to follow to seek a hearing.

On January 5, 2000, Saunders County followed procedures noted in the December 22, 1999, order for seeking a hearing on the findings of the December 22 order. Such a hearing was granted by an order of the Department issued on January 10, 2000.

On June 9, 2000, Saunders County filed a written petition for the disqualification of the Department's appointed hearing officer, Sievers. Saunders County asserted a number of bases for Sievers to be disqualified from continuing to serve as the hearing officer. This issue was raised repeatedly during the pendency of the proceedings before the Department in various motions for continuance and other pleadings. The request was repeatedly denied. Additionally, on August 10, Saunders County filed a motion to reconsider and vacate the December 22, 1999, order.

On August 30, 2000, the Department issued an order concerning the first cause of action. The order concluded that all of the

wells subject to Saunders County's amended complaint had been registered or a notice of abandonment had been filed with the Department. Additionally, the order indicated that unless a request for hearing was filed on the matter, the first cause of action would be dismissed. Saunders County filed such a request for hearing on September 13.

On September 19, 2000, the Department issued an order separating Saunders County's amended complaint into two separate proceedings. The Department designated the proceedings governing the 1st cause of action as " 'Saunders County v. M.U.D. - W' " and the proceedings governing the 2d through 18th causes of action as " 'Saunders County v. M.U.D. - A.' "

An evidentiary hearing was held on October 25 through 27, 2000, concerning the finding that Saunders County lacked standing to pursue the 2d through 18th causes of action. Saunders County presented numerous witnesses and offered numerous exhibits in support of its contention that it had an interest sufficient to confer standing to pursue the 2d through 18th causes of action. The Department characterized Saunders County's contentions of standing to be based on the following five grounds: (1) an application by Saunders County for surface water rights, (2) Saunders County's water well registration, (3) Saunders County's obligations to engage in the administration and enforcement of zoning and flood plain regulations, (4) alleged riparian water rights, and (5) an entitlement to receive water. On April 11, 2001, the Department issued an order ruling that Saunders County lacked standing on any of the asserted grounds to pursue the 2d through 18th causes of action. As such, the Department dismissed Saunders County's 2d through 18th causes of action.

On November 16, 2000, an evidentiary hearing was held concerning Saunders County's first cause of action. Saunders County presented witnesses in support of its first cause of action. The Department characterized Saunders County's first cause of action as an allegation that MUD has failed to register various illegal water wells. On April 11, 2001, the Department issued an order ruling that Saunders County had not presented any evidence of the existence of any wells which are required to be registered that are not properly registered. As such, the Department dismissed Saunders County's first cause of action.

On April 30, 2001, Saunders County filed a petition for rehearing on all 18 causes of action. The Department denied the request by an order issued on May 4. This appeal followed.

## 2. Record on Appeal

At this juncture, we feel it necessary to briefly comment on the record presented in this appeal. We feel it necessary to comment on the difficulties presented by the record and the manner in which the record was created. These difficulties arise because of both the size of the record and the condition of the record.

The first issue with the condition of the record concerns the praecipe for bill of exceptions filed by Saunders County. In the praecipe, Saunders County requests, inter alia:

> (i) a copy of the verbatim record of the evidence offered at all trial(s), hearing(s), conference(s) or other evidentiary proceeding(s) including but not limited to objections to any evidence and rulings thereon, oral motions, and stipulations by the parties and Saunders County and (ii) a copy of the verbatim record of *anything and everything said or done by anyone in the course of trial(s), hearing(s), conference(s) or any other proceeding(s) . . . .*

(Emphasis supplied.) Blanket requests such as this are specifically discouraged by Neb. Ct. R. Prac. 5(B) (rev. 2000). Because Saunders County has, in essence, requested a record of anything said by anybody during any proceeding, the record before us may or may not include what Saunders County requested and may or may not include other extraneous matters. Unfortunately, this is only the first of several problems with the record and would, by itself, most likely not merit mentioning.

On February 4, 2000, a prehearing conference was held before the Department. During the course of the prehearing conference, Saunders County requested the Department "take judicial notice of the pleadings and correspondence within its own files, and Chapter 46, Nebraska Revised Statutes." MUD indicated its willingness "to stipulate to the entry of the full record of the department." The Department accepted the stipulation and indicated that "those items will be considered evidence." Whatever items were included in "the full record of the Department" were never separately marked, offered, and received as evidence. Items

judicially noticed are to be separately marked, offered, and received as evidence to enable efficient review by this court. See *In re Interest of Tabitha J.*, 5 Neb. App. 609, 561 N.W.2d 252 (1997). Additionally, it is not clear from the record whether these items constituted adjudicative facts. Only adjudicative facts are properly the subject of judicial notice. See *Hagelstein v. Swift-Eckrich*, 257 Neb. 312, 597 N.W.2d 394 (1999).

In an order issued on August 17, 2000, the Department delineated approximately 18 items that were specifically being judicially noticed to " '[make] it clear what's being judicially noticed or what isn't or whether it's appropriate at this point or not.' " These items purport to include various applications, correspondence, and surveys.

During the evidentiary hearing on Saunders County's 2d through 18th causes of action, Saunders County sought to establish that the items that had been previously judicially noticed were also being considered for purposes of the evidentiary hearing. The Department indicated in the affirmative. Additionally, although Saunders County requested the judicially noticed files be marked for purposes of appellate review, the Department indicated that "[t]hat's not necessary." Later in the hearing, Saunders County was questioning witnesses concerning certain exhibits that were, allegedly, included in the judicially noticed materials. At one point, the Department indicated the following:

And again, just as a word of caution to everyone, since it's in the record in the files and anybody that needs to review this will — if you can just identify it by date and so forth [rather than by exhibit number], then they'll be able to make sure they can get to the same item. Because [the numbered exhibit], per se, won't be in the record.

As a result, it is not entirely clear on appeal what information was judicially noticed. There is no copy of "the files" or "the record" of the Department contained in the record we have received on appeal. The various numbered exhibits which were discussed during testimony and which the Department indicated were included in the judicially noticed materials are in the record before us, although most of them were rejected when offered as evidence on the basis of already having been judicially noticed. Nobody has raised an issue concerning the adequacy of the

record pertaining to the judicially noticed materials, and to the extent we have copies of the various exhibits testified about, we will review those exhibits as if they had been marked and received in the proper procedure for judicial notice. The improper procedures, however, have made review of this case more difficult than necessary.

We also note that 2 of the 77 exhibits that were provided in the record on appeal consist of nothing more than empty manila folders. The index to the bill of exceptions indicates that these two exhibits were "[m]iscellaneous documents with cover sheet[s]." The index also purports to indicate where, in the 330 pages of testimony contained in the bill of exceptions, these exhibits were marked, offered, and ruled upon. A review of those pages, however, reveals no mention whatsoever of any exhibits. After a lengthy search through the record, this court was able to discern that the two exhibits were referenced during a hearing held on August 14, 2000, and were to contain the originals and photocopies of various documents provided by the Department to Saunders County. Admission of the proffered exhibits into evidence was "take[n] under advisement" by the Department. In an order issued on September 5, the Department rejected the admission of both exhibits. Inasmuch as neither exhibit was received into evidence and no assertions of error on appeal concern the admission of either exhibit, the absence of these exhibits appears harmless to our review on appeal. Nonetheless, we caution that in the future, the record should actually contain the exhibits requested and purported to be included.

Despite the difficulties caused by the record, we note that the various orders of the Department are particularly detailed and particularly useful in our review. The orders include detailed explanations of the Department's reasoning, as well as detailed chronologies of the proceedings which have enabled this court to more thoroughly assess the proceedings that occurred before the Department.

## III. ASSIGNMENTS OF ERROR

On appeal, Saunders County has assigned 11 errors. Saunders County asserts, consolidated and restated for discussion, (1) that Saunders County was denied due process by the Department;

(2) that the Department erred in allowing the continued involvement of Sievers, a Department hearing officer, and Susan France, a Department unit supervisor; (3) that the Department erred in denying various requests for subpoenas; (4) that the Department erred in failing to make a complete record; and (5) that the Department erred in dismissing Saunders County's 18 causes of action.

## IV. ANALYSIS

### 1. STANDARD OF REVIEW

In an appeal from the Department, an appellate court's review of the director's factual determinations is limited to deciding whether such determinations are supported by competent and relevant evidence and are not arbitrary, capricious, or unreasonable; however, on questions of law, which include the meaning of statutes, a reviewing court is obligated to reach its conclusions independent of the legal determinations made by the director. *City of Lincoln v. Central Platte NRD*, 263 Neb. 141, 638 N.W.2d 839 (2002). See, also, *Ponderosa Ridge LLC v. Banner County*, 250 Neb. 944, 554 N.W.2d 151 (1996); Neb. Rev. Stat. § 61-205 (Cum. Supp. 2000) (authorizing Department of Natural Resources to exercise powers and perform duties assigned to Department of Water Resources prior to July 1, 2000).

### 2. DUE PROCESS

We first note that Saunders County has couched a substantial portion of the assignments of error on appeal and the argument on appeal, as well as a substantial portion of the arguments raised before the hearing officer, in terms of Saunders County's "due process" rights being violated. In fact, 9 of the 11 assignments of error set forth in Saunders County's brief specifically assert violations of due process. It appears that Saunders County made similar assertions in the recent case of *City of Lincoln v. Central Platte NRD, supra*. In that case, the Supreme Court noted that "[t]o the extent Saunders County argues that it was denied due process, we do not consider such arguments." *Id.* at 146, 638 N.W.2d at 844. The Supreme Court specifically noted that both the U.S. and Nebraska constitutional guarantees of due process apply to any "person" and that the county, as a

creature and political subdivision of the State, is neither a natural nor an artificial person. *Id.* See, also, *Rock Cty. v. Spire*, 235 Neb. 434, 455 N.W.2d 763 (1990); *Dodge Cty. Bd. v. Nebraska Tax Equal. & Rev. Comm.*, 10 Neb. App. 927, 639 N.W.2d 683 (2002). Similarly, we disregard Saunders County's arguments to the extent they concern asserted deprivations of due process.

### 3. INVOLVEMENT OF SIEVERS AND FRANCE

Saunders County has challenged the continued involvement in this matter of the hearing officer, Sievers, and France. Saunders County asserts that Sievers and France should not have been allowed to continue participating in the proceedings, that they engaged in improper ex parte communications with one another and with the director, that the Department failed to make a proper record of these ex parte communications, and that Sievers should have granted Saunders County's repeated motions and requests that he recuse or disqualify himself from the proceedings. We find no merit to any of these assertions.

Nearly identical issues appear to have been raised in *City of Lincoln v. Central Platte NRD, supra*, wherein Saunders County similarly challenged the involvement of Sievers and France in proceedings before the Department. Sievers was designated as the hearing officer in the present case, and France, the unit supervisor for permits and adjudications and later the division manager, assisted Sievers. In *City of Lincoln v. Central Platte NRD, supra*, just as in the present case, Saunders County relied heavily on Neb. Rev. Stat. § 84-913.04 (Reissue 1999) as the basis for asserting that Sievers and France should have been precluded from continuing to be involved in the hearings on Saunders County's amended complaint.

Section 84-913.04(1) provides: "A person who has served as investigator, prosecutor, or advocate in a contested case or in its prehearing stage may not serve as hearing officer or assist or advise a hearing officer in the same proceeding . . . ." Neb. Rev. Stat. § 84-914(6)(c) (Reissue 1999) provides:

No agency head or employee engaged in the investigation or enforcement of a contested case shall make or knowingly cause to be made an ex parte communication to a hearing officer or agency head or employee who is or may

reasonably be expected to be involved in the decisionmaking process of the contested case.

See *City of Lincoln v. Central Platte NRD*, 263 Neb. 141, 638 N.W.2d 839 (2002). We therefore must consider whether the activities of Sievers and France prevented them from participating in the hearings concerning Saunders County's amended complaint.

In *City of Lincoln v. Central Platte NRD, supra*, the Supreme Court set forth the relative roles played by Sievers and France in the proceedings. The present case is substantially identical concerning the roles of Sievers and France. France has been involved in various functions assisting Sievers, she reviewed the MUD applications for completeness and accuracy, and she sent various documents and e-mails to Sievers concerning the case. Sievers was formerly a full-time employee of the Department, served as a special assistant to the director, and served as legal counsel. In those capacities, he provided legal advice to the Department.

Saunders County made numerous repeated motions for Sievers to be disqualified or to recuse himself. In these motions, Saunders County has asserted that Sievers and France have "served as investigator, prosecutor, or advocate in this contested case or in its prehearing stage," that Sievers has "grossly commingled his duties as a prior investigator for the Department and/or as an advocate for the Department and/or M.U.D. with his duty to be a neutral Hearing Officer," that Sievers' continued involvement violated various disciplinary rules and ethical considerations, and that Sievers' continued involvement violated "fundamental principles of due process." Saunders County sought the disqualification of Sievers through written motions and pleadings on at least 15 different occasions and raised the issue orally on repeated occasions. On each occasion, Saunders County's request was denied.

On August 17, 2000, Sievers issued a written order denying Saunders County's petition for disqualification of Sievers as the hearing officer. In that order, Sievers specifically found that "there is nothing in the record that reflects that [Sievers or] France . . . have been involved in any investigation other than processing the County's complaint and ordering other Department personnel to conduct a formal field investigation and to submit a written

report." Sievers further found that "there is nothing in the record which would support an allegation that any of the Department employees . . . France, or [Sievers] have served as a prosecutor or advocate in this matter." Finally, Sievers noted that "[i]n summary, nothing in the record reflects anything that would constitute investigation, prosecution or advocacy by [Sievers or] France . . . in these matters . . . ."

Similarly to Saunders County's argument set forth in the opinion in *City of Lincoln v. Central Platte NRD, supra,* Saunders County's basis for claiming that Sievers and France were investigators is stated in its brief as follows:

> The Department has no rules or regulations concerning the requirements set forth in Neb. Rev. Stat. §§84-913.04 and 84-914(6) (Reissue 1999). The Department has ignored the requirements of said statutes in this contested case. Neb. Rev. Stat. §84-913.04 was intended to prohibit persons that have served as investigators, prosecutors, or advocates concerning contested cases (i.e. investigating the completeness and correctness of applications for appropriating ground or surface water or complaints) from serving as the hearing officer or assisting the hearing officer. Neb. Rev. Stat. §84-913.04 is intended to provide a "bright line" and prevent the result reached in Central Platte NRD v. State of Wyoming, 245 Neb. 439, 513 N.W.2d 847 (1994) wherein Ann Bleed[,] State Hydrologist[,] was allowed to serve as hearing officer concerning an application for an in-stream flow appropriation. . . .
>
> . . . .
>
> Susan France and LeRoy W. Sievers have both served as investigators, prosecutors and/or advocates to determine the correctness and completeness of MUD's [a]pplications and/or the merits of Saunders County's [a]mended [c]omplaint . . . and are prohibited by Neb. Rev. Stat. §84-913.04 from serving as or assisting the hearing officer in this contested case.

(Emphasis omitted.) Brief for appellant at 13-15.

" 'Administrative adjudicators serve with a presumption of honesty and integrity.' " *City of Lincoln v. Central Platte NRD*, 263 Neb. 141, 150, 638 N.W.2d 839, 847 (2002), quoting

*Central Platte NRD v. State of Wyoming*, 245 Neb. 439, 513 N.W.2d 847 (1994). There is no factual support for Saunders County's conclusion that Sievers and France were investigators in this matter. There is no factual support to overcome the presumption of honesty and integrity which Sievers is afforded.

The Legislature specifically barred only prosecutors, investigators, and advocates from participating as hearing officers, or assisting hearing officers, in administrative hearings. *City of Lincoln v. Central Platte NRD, supra.* See, also, § 84-913.04. In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning; an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *City of Lincoln v. Central Platte NRD, supra.* In construing a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense. *Id.*

In the present case, Sievers found that Saunders County had failed to present evidence that he or France had performed an investigation for the purpose of presenting evidence or that they had participated as an advocate or prosecutor. Under the facts of this case, we conclude that Sievers and France were not prosecutors, investigators, or advocates so as to be prohibited from participation in the proceedings. Saunders County has not shown that either Sievers or France was prohibited by § 84-913.04 from serving as a hearing officer or advising the hearing officer. See *City of Lincoln v. Central Platte NRD, supra.* Saunders County's assignments and assertions of error to the contrary are meritless.

### 4. DENIAL OF SUBPOENAS

Next, Saunders County asserts that Sievers erred in denying requests for subpoenas for Sievers; France; Ann Bleed, the state hydrologist; and David Vogler, a Department attorney. In *City of Lincoln v. Central Platte NRD*, the Supreme Court iterated:

> "When the Nebraska Evidence Rules apply to an administrative hearing, those persons performing adjudicative functions are presumptively incompetent to testify. To hold otherwise would enable the parties to remove

unwanted adjudicators simply by requesting a subpoena. However, there are limits to an agency's power to shield its employees from a subpoena. An employee with unique knowledge indispensable to the adjudication may be subject to a subpoena."

263 Neb. at 151-52, 638 N.W.2d at 848, quoting *Central Platte NRD v. State of Wyoming, supra.*

The burden is on Saunders County to demonstrate that the Departmental employees possessed unique knowledge indispensable to the determination of the issues in this case. Saunders County has failed to demonstrate what unique and indispensable knowledge was possessed by any of the individuals for whom subpoenas were denied. The most that Saunders County does in this regard is to assert on appeal that because Sievers and France had communications with one another concerning the case, they had unique indispensable knowledge. Saunders County has failed to carry its burden, and this assertion of error is meritless.

### 5. COMPLETE RECORD

Next, Saunders County claims that the Department failed to maintain and make available a complete official record and failed to disclose "proposed or recommended decisions or orders." Brief for appellant at 17. Saunders County attempted to raise a significantly comparable error in *City of Lincoln v. Central Platte NRD*, 263 Neb. 141, 638 N.W.2d 839 (2002). The Department's decision is not arbitrary, capricious, or unreasonable simply because the record does not contain drafts of the hearing officer's findings. See *id.* This assigned error is also meritless.

### 6. DISMISSAL OF CAUSES OF ACTION

Finally, we address Saunders County's assertion that the Department erred in dismissing the 18 causes of action set forth in Saunders County's amended complaint.

### (a) First Cause of Action

Our review of Saunders County's brief on appeal reveals that Saunders County has not asserted error with the Department's dismissal of the first cause of action. As such, we need not further discuss the first cause of action.

### (b) Remaining Causes of Action

Saunders County asserts that the Department erred in finding that Saunders County lacked standing to pursue the 2d through 18th causes of action. The 2d through 18th causes of action all alleged that various MUD wells were "illegal" and that the order granting MUD's two applications was void because of a variety of alleged deficiencies in MUD's application process. The Department determined that Saunders County was, in effect, challenging the applications and the order granting them and determined that Saunders County failed to demonstrate an adequate basis of standing to pursue the causes of action. We agree.

Before one is entitled to invoke a tribunal's jurisdiction, one must have standing to sue, which involves having some real interest in the cause of action; in other words, to have standing to sue, one must have some legal or equitable right, title, or interest in the subject matter of the controversy. *Metropolitan Utilities Dist. v. Twin Platte NRD*, 250 Neb. 442, 550 N.W.2d 907 (1996). The purpose of a standing inquiry is to determine whether one has a legally protectable interest or right in the controversy that would benefit by the relief to be granted. *Id*. Because the requirement of standing is fundamental to a court's exercising jurisdiction, a litigant or court before which a case is pending can raise the issue of standing at any time during the proceeding. *Ritchhart v. Daub*, 256 Neb. 801, 594 N.W.2d 288 (1999).

On appeal, Saunders County argues that the Department, in finding a lack of standing concerning the 2d through 18th causes of action but not the 1st cause of action, "simply do[es] not comprehend that MUD's wells are, per se, the subject of the [s]econd through [e]ighteenth [c]auses of [a]ction." Brief for appellant at 25. Saunders County argues that because it is asserting the MUD wells are "illegal" and must be decommissioned, standing exists. We disagree with Saunders County.

A review of Saunders County's amended complaint indicates that the subject matter of the 2d through 18th causes of action is not the wells, but, rather, the permits granted to MUD because of the approval of the two applications and the water rights granted to MUD as a result. In the 2d through 18th causes of action, Saunders County repeatedly makes such assertions as that "[t]he [v]oid [o]rder [granting the two MUD applications] lacks

jurisdiction and is null and void to approve the [applications] due to a failure of the [a]pplication and [v]oid [o]rder to describe the beneficial uses, beneficial use area and quantity of water to be used for each beneficial use"; "[o]n information and belief, the [v]oid [o]rder fails to make the findings required by [various statutes] and is null and void"; "[t]he D[epartment] failed to give due consideration to all the essential elements required by [Nebraska statutes] while considering MUD's . . . applications"; and "[o]n information and belief, the D[epartment's] [v]oid [o]rder failed to contain a discussion of the required factors for consideration under [Nebraska statutes]." Each of the 2d through 18th causes of action asserts that the MUD wells are illegal "because the . . . [w]ells . . . do not have valid permits that comply with [Nebraska statutes]" or "because the . . . [w]ells . . . do not have a valid order approving an application" or "because the . . . [w]ells . . . do not comply with Nebraska law." A review of the supporting assertions in each cause of action reveals that the alleged deficiencies pertain to the information in the applications or the findings and considerations of the Department in granting the applications. As such, it is apparent that the subject matter of the 2d through 18th causes of actions is not whether the wells are not properly registered or should be decommissioned pursuant to Neb. Rev. Stat. § 46-602 (Cum. Supp. 2000), as is the subject matter of the 1st cause of action.

A review of the 2d through 18th causes of action and the evidence presented before the Department indicates that Saunders County's alleged bases for standing can be summarized as (1) the applications for surface water rights filed by Saunders County, (2) the installation of a water well by Saunders County next to the MUD well field, (3) Saunders County's authority and responsibility to enact and enforce zoning and flood plain regulations, (4) alleged riparian water rights, and (5) alleged entitlement to water rights because of a construction contract between Saunders County and MUD.

### (i) Surface Water Rights Application
Saunders County presented evidence that the County had filed three applications to appropriate surface water. Saunders County acknowledged that the applications had not been granted

as of October 25, 2000. The Department held that Saunders County's water rights applications did not provide standing to challenge water rights established by a water right holder with an earlier priority date. Because Saunders County's applications had not been granted as of the October 25 hearing, the water rights granted to MUD by the approval of the two applications gave MUD an earlier priority date. As such, the Department held that the fact that Saunders County had filed applications for water rights after the MUD applications were approved did not give Saunders County standing to pursue the 2d through 18th causes of action.

The Nebraska Supreme Court has held that a water right applicant has no property right in a mere application for water rights. See, *In re Applications A-16027 et al.*, 242 Neb. 315, 495 N.W.2d 23 (1993); *In re Applications A-15145, A-15146, A-15147, and A-15148*, 230 Neb. 580, 433 N.W.2d 161 (1988). As such, Saunders County's applications, which had not yet been approved as of the Department's hearings in this case, do not provide Saunders County standing to pursue the 2d through 18th causes of action which, in essence, challenge the approval of MUD's prior applications and the water rights granted as a result thereof. The Department's finding in this regard is supported by competent evidence and is not arbitrary, capricious, or unreasonable.

### (ii) MUD's Water Well

Saunders County presented evidence that the County had constructed a water well adjacent to MUD's well field. The well was, allegedly, constructed to provide water for road construction projects. Saunders County presented evidence that the well had been tested and that a load of water had been removed from the well and used for road construction. Saunders County registered this well in October 2000, approximately 2 years after MUD's applications were approved.

On appeal, Saunders County asserts that the fact that it presented evidence of "a significant drawdown in the area of the [Saunders County] well," there is an adequate basis for Saunders County's standing because of the potential harm caused by MUD's water rights. (Emphasis omitted.) Brief for appellant at 26. As the Department determined, however, Saunders County's

reasoning is faulty in that it fails to recognize that Saunders County's well was constructed and registered nearly 2 years after MUD's applications were granted. Saunders County cannot now construct a well and create water rights that somehow give rise to standing to challenge an earlier grant of rights. See, *Snyder v. EMCASCO Ins. Co.*, 259 Neb. 621, 611 N.W.2d 409 (2000); *SID No. 57 v. City of Elkhorn*, 248 Neb. 486, 536 N.W.2d 56 (1995) (causes of action accrue upon violation of legal right and when aggrieved party has right to institute and maintain suit). As such, the filing of a well registration 2 years after the applications were granted does not provide standing to Saunders County. The Department's finding in this regard is supported by competent evidence and is not arbitrary, capricious, or unreasonable.

### (iii) Zoning and Flood Plain Regulations

Saunders County presented undisputed evidence that the County has adopted zoning and flood plain regulations. Saunders County argued to the Department that MUD is required to obtain various permits and to comply with various zoning and flood plain regulations enforced by Saunders County. A review of the 2d through 18th causes of action, however, indicates that none of them assert that MUD's water rights granted by the approval of the two applications in any way violates zoning or flood plain regulations. Additionally, Saunders County did not present any evidence of any violation of these regulations.

Our review of the record indicates that Saunders County failed to demonstrate in any way how the County's authority to regulate zoning and flood plains provides standing for the 2d through 18th causes of action challenging the approval of the MUD applications and the water rights granted thereby. There has been no showing how this authority or these regulations give rise to a legal or equitable right, title, or interest in the subject matter of the 2d through 18th causes of action. The Department's finding in this regard is supported by competent evidence and is not arbitrary, capricious, or unreasonable.

### (iv) Riparian Rights

Saunders County presented evidence in the form of testimony and a series of deeds and patents relating to real estate located in

Saunders County. Saunders County also provided evidence concerning the alleged use of the water associated with the real estate. The Department concluded that Saunders County failed to demonstrate proper use of the alleged riparian rights, failed to demonstrate the extent of alleged harm, failed to demonstrate the social value associated with the uses, failed to demonstrate the time of initiation of the uses, failed to demonstrate the suitability of the uses to the water course, and failed to demonstrate the burden on the county of avoiding the harm. The Department's order ruling on Saunders County's standing goes to great length and detail concerning the alleged riparian rights of Saunders County. On appeal, Saunders County has failed to adduce any argument concerning how the Department's order was unsupported, arbitrary, capricious, or unreasonable in this regard.

■ To determine whether Saunders County has standing to pursue the 2d through 18th causes of action based on riparian rights associated with the property Saunders County presented evidence about at the hearing, we first determine whether the property is riparian in nature and then to what extent Saunders County demonstrated riparian rights. To be riparian, land must have water flowing over it or along its border. See *Krimlofski v. Matters*, 174 Neb. 774, 119 N.W.2d 501 (1963). We accept the Department's review of the evidence in this regard and the Department's conclusion that Saunders County established that at least some property owned by Saunders County is riparian in nature.

Nonetheless, our review of the record indicates that as the Department concluded, Saunders County has failed to demonstrate how having a riparian right to a parcel of real estate located within Saunders County provides standing for Saunders County to pursue the 2d through 18th causes of action. See *Wasserburger v. Coffee*, 180 Neb. 149, 141 N.W.2d 738 (1966). The most Saunders County did was present evidence that on at least two occasions sometime in the past, people have been seen using the water associated with Saunders County's riparian rights for fishing, swimming, or boating. Saunders County failed to adduce any meaningful evidence to establish how its riparian rights would be in any way impacted by the subject matter of the 2d through 18th causes of action. On appeal, Saunders County presents no argument whatsoever concerning the importance of its

riparian rights. The Department's finding concerning riparian rights is supported by competent evidence and is not arbitrary, capricious, or unreasonable.

### (v) Entitlement

Saunders County presented evidence that Saunders County granted MUD a construction permit. One condition of the permit indicates that MUD would agree to supply water to governmental subdivisions of Saunders County, on a cost basis, as permitted by law. Evidence adduced at the hearings before the Department indicated that the permits issued to MUD by the Department do not authorize MUD to use water in Saunders County and that the permits would need to be amended to allow them to do so. There was evidence that MUD would be willing, at some point, to negotiate selling water to Saunders County.

Saunders County has failed to present any argument or legal authority on appeal for the notion that the condition contained in the construction permit somehow provides Saunders County standing to pursue the 2d through 18th causes of action. Saunders County has failed to demonstrate how the fact that MUD may have agreed to a condition in the permit which requires MUD to provide water to Saunders County somehow gives Saunders County standing to come before the Department alleging the illegality of the various wells because of problems with the application and approval process. We find the Department's decision in this regard to be supported by competent evidence and to not be arbitrary, capricious, or unreasonable.

### (vi) Summary

In summary, the Department found that Saunders County lacked standing to pursue the 2d through 18th causes of action. The Department found no merit to any of the bases for standing asserted by Saunders County below. On appeal, we find the Department's order concerning standing to be supported by competent evidence and to not be arbitrary, capricious, or unreasonable. As such, we find no merit to Saunders County's assertions on appeal that the Department erred in finding a lack of standing.

## V. CONCLUSION

Saunders County has asserted numerous errors associated with the proceedings before the Department and the Department's final

orders. These include assertions that the hearing officer should have been precluded from participating in the proceedings and that the Department erred in finding that Saunders County lacked standing to pursue its causes of action. As set forth above, we find Saunders County's assertions on appeal to be meritless. The orders of the Department are affirmed.

AFFIRMED.