OPINION OF THE SUPREME COURT OF NEBRASKA

NOTICE: DUE TO UNFORESEEN CIRCUMSTANCES, THIS OPINION IS BEING POSTED
TEMPORARILY IN "SLIP" OPINION FORM. IT WILL BE REPLACED AT A LATER
DATE WITH AN "ADVANCE" OPINION, WHICH WILL INCLUDE A CITATION.

Case Title

ELIZABETH A. WHITE, APPELLEE,
V.
JAMES F. WHITE AND JAMES MCGOUGH, APPELLEES, AND DOUGLAS COUNTY,
NEBRASKA, INTERVENOR-APPELLANT.

Case Caption

WHITE V. WHITE

Filed April 22, 2016.    No. S-15-350.

Appeal from the District Court for Douglas County: W. MARK ASHFORD, Judge.
Reversed.

Donald W. Kleine, Douglas County Attorney, and Meghan M. Bothe for
intervenor-appellant.

James McGough, of McGough Law, P.C., L.L.O., guardian ad litem.

WHITE v. WHITE

Filed April 22, 2016.   No. S-15-350.

1. **Constitutional Law: Due Process: Judgments: Appeal and Error.** The determination of whether procedures afforded an individual comport with constitutional requirements for procedural due process presents a question of law. On questions of law, a reviewing court has an obligation to reach its own conclusions independent of those reached by the lower courts.

2. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law. When reviewing questions of law, an appellate court resolves the questions independently of the conclusions reached by the trial court.

3. **Attorney Fees: Appeal and Error.** A finding of indigency under Neb. Rev. Stat. § 42–358(1) (Reissue 2008) is a matter within the initial discretion of the trial court, and such a finding will not be set aside on appeal in the absence of an abuse of discretion by the trial court.

4. **Constitutional Law: Due Process: Counties: Political Subdivisions.** U.S. Const. amend. XIV and Neb. Const. art. I, § 3, prohibit the State from depriving any "person" of life, liberty, or property without due process of law. A county, as a creature and political subdivision of the State, is neither a natural nor an artificial person.

5. **Attorney Fees: Guardians Ad Litem.** For purposes of Neb. Rev. Stat. § 42–358(1) (Reissue 2008), a person is indigent if he or she is unable to pay the guardian ad litem or attorney fees without prejudicing, in a meaningful way, his or her financial ability to provide the necessities of life, such as food, clothing, shelter, and medical care for himself or herself or his or her legal dependents.

6. **Judgments: Time.** When an indigence hearing takes place last in the chain of events, a district court's determination of indigence should depend upon a party's finances at the time of the indigence hearing.

HEAVICAN, C.J., WRIGHT, CONNOLLY, CASSEL, and STACY, JJ.

HEAVICAN, C.J.

INTRODUCTION

This case comes to us as a dispute between James McGough and Douglas County, Nebraska (the County). During the underlying suit for dissolution of marriage, Elizabeth A. White was ordered to pay McGough $2,073.12 in guardian ad litem (GAL) fees. After White failed to comply and subsequently had her debts discharged in bankrupcy, the district court found White to be indigent and ordered the County to pay the fees. The County appeals. We reverse.

BACKGROUND

In July 2012, White filed a complaint for dissolution of marriage. The district court appointed McGough as GAL for the couple's minor children. In February 2014, on McGough's motion, the district court ordered that White and her husband each individually pay $2,073.12 to McGough. The order did not hold White and her ex-husband jointly and severally liable for the fees. In April, McGough filed a motion for contempt, alleging that White had not paid any portion of the fees she owed to him under the February order. White's ex-husband paid his portion of the fees owed.

In April 2014, White gave notice that she had filed for bankruptcy. McGough was notified and listed as a creditor in White's bankruptcy proceedings. About 1 month after White gave notice that she had filed for bankruptcy, McGough made another motion for attorney fees in the district court, this time requesting that the district court find White indigent and order the County to pay the fees, pursuant to Neb. Rev. Stat. § 42-358(1) (Reissue 2008). Section 42-358(1) states that when a court appoints an attorney to represent the interests of minor children, "[i]f the court finds that the party responsible is indigent, the court may order the county to pay the costs."

In accordance with Rules of Dist. Ct. of Fourth Jud. Dist. 4-11 (rev. 1995) (Rule 4-11), McGough gave the County written notice and appeared at a hearing in June 2014. The County requested a stay of proceedings, ostensibly required by bankruptcy laws. At the hearing, the County also asserted that the stay was necessary because indigence could not be determined until White's debts were discharged, and also because McGough might obtain his payment through the bankruptcy proceedings.

The district court granted the stay. McGough took no action in the bankruptcy proceedings. Eventually, White's debts, including the debt to McGough, were discharged. The district court then resumed proceedings, and a hearing on the issue of White's indigence was held in September 2014, with the County present.

During the September 2014 hearing, the County argued that it did not have notice or the opportunity to oppose the reasonableness of McGough's fees when the amount was determined in February 2014. The County also disputed White's indigence. It had moved for leave to serve discovery upon parties in order to determine indigence, but the district court denied the motion. In lieu of discovery, the County made a record by calling White to testify.

The table below shows a rough estimate of White's various income and expenses in September 2014 based upon the record.

**INCOME AND EXPENSES IN SEPTEMBER 2014**

**Income**

| | |
|---|---|
| Gross income | $3,416.67 |
| Government assistance | 804.00 |
| Approximate taxes | (389.94) |
| **Approximate after-tax income** | **$3,830.73** |

**Expenses**

| | |
|---|---|
| Retirement | $ (175.63) |
| Health insurance | (151.52) |
| Dental insurance | (25.00) |
| Vision insurance | (19.37) |
| Other payroll deductions | (32.88) |
| Gym and locker | (0.00) |
| Parking fee | (26.33) |
| Rent | (900.00) |
| Electric/heat/gas | (240.00) |
| Telephone/cell phone/Internet/cable | (395.00) |
| Food and home | (600.00) |
| Children's education | (100.00) |
| Clothing/laundry/dry cleaning | (75.00) |
| Personal care | (80.00) |
| Medical/dental | (175.00) |
| Gas and automobile care | (160.00) |
| Charity | (45.00) |
| Automobile insurance | (110.00) |
| Additional childcare and activities | (95.00) |
| **Total of expenses** | **$3,405.73** |
| **TOTAL REMAINING** | **$ 425.00** |

In December 2014, the district court found that White was indigent and ordered the County to pay McGough's fees. The County appealed, but because of an oversight in the order, the appeal was dismissed for lack of a final order. In April 2015, the district court filed a revised final order. The County again appealed, and we moved the case pursuant to our authority to regulate the docket of this court and the Nebraska Court of Appeals.

ASSIGNMENTS OF ERROR

The County assigns, restated and renumbered, that the district court erred by (1) failing to give notice and opportunity to be heard on the issues of indigence and reasonableness of fees as required by due process, (2) using the discharge of White's debts as a basis for finding White indigent, and (3) finding that White was financially unable to pay the GAL fees.

## STANDARD OF REVIEW

[1] The determination of whether procedures afforded an individual comport with constitutional requirements for procedural due process presents a question of law. On questions of law, a reviewing court has an obligation to reach its own conclusions independent of those reached by the lower courts.[1]

[2] Statutory interpretation presents a question of law. When reviewing questions of law, an appellate court resolves the questions independently of the conclusions reached by the trial court.[2]

[3] A finding of indigency under § 42-358(1) is a matter within the initial discretion of the trial court, and such a finding will not be set aside on appeal in the absence of an abuse of discretion by the trial court.[3]

## ANALYSIS

*County's Right to Notice and Opportunity for Hearing.*

In the County's first assignment of error, it argues that the district court violated its rights under the Due Process Clauses of U.S. Const. amend. XIV and Neb. Const. art. I, § 3. We find this argument to be without merit.

[4] The County has no right to due process. U.S. Const. amend. XIV and Neb. Const. art. I, § 3, prohibit the State from depriving any "person" of life, liberty, or property without due process of law. A county, as a creature and political subdivision of the State, is neither a natural nor an artificial person.[4]

But Rule 4-11 does provide:

> When a court-appointed [GAL] makes application for payment of fees, if the indigence of either party to the action is at issue such that the county may be ordered to pay the fees and costs, the guardian shall serve a copy of the fee application and notice of hearing upon the County Attorney. The County Attorney may appear at the hearing to represent the interests of the county or may file a written waiver of appearance.

Though we conclude that the County has no right to constitutional due process, we consider whether the procedure under Rule 4-11 was violated. We find that the procedure was followed.

First, the County argues that it was denied proper notice when the district court considered White's financial status dating back to November 2012, before the County had notice that indigence was at issue. The County appears to argue that even though it had notice and an opportunity to be heard on the issue of indigence, this process was insufficient because the district court used some evidence about White's past financial status.

This argument fails because the County did receive actual notice as soon as indigence was at issue in May 2014. And the County had an opportunity to be heard on the issue before the

---

[1] *State v. Hotz*, 281 Neb. 260, 795 N.W.2d 645 (2011).

[2] *DMK Biodiesel v. McCoy*, 290 Neb. 286, 859 N.W.2d 867 (2015).

[3] *Mathews v. Mathews*, 267 Neb. 604, 676 N.W.2d 42 (2004).

[4] *City of Lincoln v. Central Platte NRD*, 263 Neb. 141, 638 N.W.2d 839 (2002).

district court ruled. Parties are often, in fact usually, required to argue about facts as they existed prior to the time of a hearing or trial. Just because the County was required to analyze past events does not mean that it was denied proper notice that those past facts were at issue. To rule otherwise would forever limit all courts to the consideration of facts contemporaneous with the hearing. Additionally, such a holding would require that notice be given to the County in every single suit in which GAL fees arise, just in case indigence may later become an issue. These results would be unsound. The County's first argument lacks merit.

Second, the County asserts that the district court denied the County notice and opportunity to be heard when it allegedly contradicted its February 2014 order. Essentially, the County argues that in February 2014--by ordering White to pay half of McGough's fees--the district court impliedly found that White was not indigent. The County argues that when the district court later explicitly found that White was indigent, the court violated principles of due process.

This argument lacks merit. The County cites no authority to support its legal contention that once a court impliedly finds a party has sufficient funds, a later reversal of that finding violates another party's right to notice and hearing. Further, the February order did not imply that White was not indigent. The order merely required White and her ex-husband to pay McGough. There was no determination of the parties' abilities to pay, because indigence was not yet at issue.

Third, the County argues that it was deprived of notice and opportunity to be heard on the issue of reasonableness of McGough's fees. This argument is distinct from the County's first argument, because the district court did actually make a determination that McGough's fees were reasonable before the County received notice in the case. But, to the extent the County is entitled to notice and a hearing on the issue of indigence, this right does not also extend to notice and opportunity to be heard on reasonableness of fees. Rule 4-11 requires only that, "if the *indigence* of either party to the action is at issue such that the county may be ordered to pay the fees and costs, the guardian shall serve a copy of the fee application and notice of hearing upon the County Attorney." (Emphasis supplied.) The rule is silent as to reasonableness.

In sum, the County has no due process rights. Rule 4-11 requires only notice that indigence is at issue and an opportunity for the County to be heard on that question. The County received notice as soon as indigence was raised and had the opportunity to argue against a finding of indigence. Thus, the County's first assignment of error is without merit.

*Alleged Improper Basis for District Court's Order.*

In its second assignment of error, the County argues that the district court erred by finding White to be indigent solely because the debt to McGough had been discharged in bankruptcy, and not because White was actually incapable of paying the GAL fees. We disagree.

[5] In *Mathews v. Mathews*,[5] we stated:

[F]or purposes of § 42-358(1), a person is indigent if he or she is unable to pay the GAL or attorney fees without prejudicing, in a meaningful way, his or her financial ability to

---

[5] *Mathews, supra* note 3, 267 Neb. at 612, 676 N.W.2d at 52.

provide the necessities of life, such as food, clothing, shelter, and medical care for himself or herself or his or her legal dependents.

In its order, the district court found:

White is a person who is indigent and unable to pay her attorney's fees in a meaningful way, based upon her financial ability to provide the necessity of life, such as food, clothing, shelter and medical care for herself or her dependents.

This Court has considered the bankruptcy proceedings in determining whether . . . White is indigent.

The district court's order is ambiguous. The order does not explain how the court factored White's bankruptcy into its decision. The court could have meant that it used the bankruptcy as an indication that before the discharge, White met the *Mathews* standard of indigence. In the alternative, the district court may have been using the fact of White's bankruptcy as the basis for finding White indigent because McGough could not legally collect payment from White.

We believe the former interpretation is correct. The district court was clearly aware of the *Mathews* standard and explicitly found that White's ability to provide the necessities of life would be prejudiced by paying the fees. Therefore, the district court apparently referenced White's bankruptcy merely as circumstantial evidence that White met the *Mathews* test for indigence. Even though the standards for bankruptcy and indigence are not the same, the district court's reasoning was not improper as a rule so long as the district court did not abuse its discretion by finding that White met the *Mathews* test.

Thus, the County's second assignment of error is without merit and we now turn to its third.

*White's Financial Ability to Pay Fees.*

In its third assignment of error, the County argues that the district court erred by finding that White was unable to pay the GAL fees. First, it argues that the district court should have considered White's finances only after her debts had been discharged in bankruptcy. Second, the County argues that in any time period, either before or after White's debts were discharged, White had sufficient funds to pay McGough's fees without prejudicing her ability to provide the necessities of life. We agree with the County.

We have never addressed which time period a court should consider in order to determine whether a party is indigent. Nor can the court locate any analogous authority from other jurisdictions. Therefore, we must look to statutory interpretation of § 42-358(1) to determine whether the district court should have looked to White's finances in May 2014 (when McGough raised the indigence issue), September 2014 (during the indigence hearing), or at some other time.

The language of § 42-358(1) is in the present tense: "If the court finds that the party responsible *is* indigent, the court may order the county to pay the costs." (Emphasis supplied.) Alone, this may suggest that courts should look to the party's finances at the time of the indigence hearing. But § 42-358(1) could also apply at the time that fees are fixed and ordered, because the preceding sentence states: "The court shall by order fix the fee, including

disbursements, for such attorney, which amount shall be taxed as costs and paid by the parties as ordered."

Considering this ambiguity in the statute, we turn to secondary sources. The legislative history of § 42-358(1) is silent on this question. But an Alaska statute defining indigence, which this court cited parenthetically in *Mathews*,[6] defines an indigent party as "a person who, *at the time need is determined*, does not have sufficient assets, credit, or other means to provide for payment of an attorney and all other necessary expenses of representation without depriving the party or the party's dependents of food, clothing, or shelter."[7] The phrase appears to require that the test be applied to the party's finances at the time of the indigence hearing or determination.

We agree as a matter of policy that it is best to apply the test for indigence to the party's finances at the time the court is making the determination. In some cases, as in the present one, there may be a significant amount of time between the appointment of a GAL, the ordering of fees, and the actual determination of indigence. In these cases, a party's financial status could change significantly, either for better or for worse. It would be unfair to hold a party to their past financial situation if they are presently unable to pay the GAL fees. And it would also be wasteful and unfair to hold the County responsible for fees because a party used to be indigent, even though the party may be more financially secure at the time of the determination.

[6] For these reasons, we hold that when an indigence hearing takes place last in the chain of events, a district court's determination of indigence should depend upon a party's finances at the time of the indigence hearing.

We turn next to the question of White's indigence. As discussed above, in *Mathews*, we held:

> [F]or purposes of § 42-358(1), a person is indigent if he or she is unable to pay the GAL or attorney fees without prejudicing, in a meaningful way, his or her financial ability to provide the necessities of life, such as food, clothing, shelter, and medical care for himself or herself or his or her legal dependents.[8]

We review the district court's finding of indigence for abuse of discretion.[9] A judicial abuse of discretion requires that the reasons or rulings of a trial judge be clearly untenable, unfairly depriving a litigant of a substantial right and a just result.[10]

In its December 2014 order, the district court found that White was unable to pay the GAL fees "based upon her financial ability to provide the necessity of life." This finding is untenable based upon the record.

We decline to delineate an exclusive list of expenses that constitute the necessities of life or that impact one's ability to provide those necessities. However, White clearly had sufficient funds to pay the GAL fees even after any expenses conceivably related to the necessities of life.

---

[6] *Id.*

[7] Alaska Stat. § 18.85.170(4) (2004) (emphasis supplied).

[8] *Mathews, supra* note 3, 267 Neb. at 612, 676 N.W.2d at 52.

[9] See *Mathews, supra* note 3.

[10] *Farnsworth v. Farnsworth*, 276 Neb. 653, 756 N.W.2d 522 (2008).

As reflected in the table above, the record shows that as of September 2014, White had an income of approximately $3,830 after taxes. We acknowledge that a portion of this income was from government assistance. However, that fact is not relevant to the standard we set forth in *Mathews*, except that we account for the assistance as another source of income. White spent approximately $1,929.21 per month on food, clothing, clothing care, rent, and medical insurance and care--the expenses explicitly listed in *Mathews*. White also spent an additional $930 on somewhat related expenses, such as gasoline and automobile care, automobile insurance, dental insurance, utilities, and a telephone and Internet bundle. While we do not now hold that these additional expenses should factor into the determination of indigence, we find it informative that after all of these costs, White still had $999.52 remaining of her monthly pay after taxes. In fact, after accounting for all of White's expenditures contained in the record, she had approximately $425 remaining each month.

We do not intend to establish a bright-line rule for indigence based upon an amount of income or remaining funds after regular expenses. But the record in this particular case establishes very clearly that White was capable of paying the GAL fees without meaningfully prejudicing her ability to provide the necessities of life for herself or her dependents.

The County's third assignment of error has merit.

CONCLUSION

We reverse the district court's finding that White was indigent.

REVERSED.

MILLER-LERMAN, J., participating on briefs.