IN RE WATER APPROPRIATION A-4924.
DEPARTMENT OF NATURAL RESOURCES, APPELLEE, V.
LEE BOSE AND CRAIG BOSE, APPELLANTS.
674 N.W.2d 788

Filed February 20, 2004.   No. S-03-599.

John C. Person, of Person Law Office, for appellants.

Jon Bruning, Attorney General, Justin D. Lavene, and David D. Cookson for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

The Department of Natural Resources (Department) entered an order on April 28, 2003, canceling water appropriation A-4924. Lee Bose and Craig Bose, the owners of the land subject to the appropriation, appeal.

## SCOPE OF REVIEW

In an appeal from the Department, an appellate court's review of the director's factual determinations is limited to deciding whether such determinations are supported by competent and relevant evidence and are not arbitrary, capricious, or

unreasonable; however, on questions of law, which include the meaning of statutes, a reviewing court is obligated to reach its conclusions independent of the legal determinations made by the director. *City of Lincoln v. Central Platte NRD*, 263 Neb. 141, 638 N.W.2d 839 (2002).

## FACTS

Water appropriation A-4924 is a water right with a priority date of December 31, 1951. The appropriation allows diversion of no more than 0.67 cubic feet per second of water from the Republican River for irrigation of 77.2 acres of land in Harlan County, Nebraska. The Boses have owned this land since the mid-1970's.

On February 1, 2003, a notice was delivered to the Boses which stated that a hearing would be held on March 20 in Alma, Nebraska. The notice provided in relevant part:

A hearing will be held at 9:00 a.m. CDT on March 20, 2003, in the Johnson Community Center, 509 Main Street, Alma, Nebraska, to determine whether all or part of water appropriation A-4924 should be cancelled because of non-use for more than three consecutive years. . . .

Water appropriation A-4924 is a water right with a priority date of December 31, 1951, to divert 0.67 cubic f[ee]t per second (cfs) of water from the Republican River at a point in the NE¼SE¼ of Section 18, Township 2 North, Range 19 West of the 6th P.M. for irrigation of the following described lands . . . .

The notice set forth a legal description of the 77.2 acres in question and then stated:

Department records indicate that the land approved for irrigation under A-4924 has not been irrigated for more than three consecutive years.

The hearing will be held as provided by §§ 46-229 to 46-229.05, R.R.S., 1943, as amended. All persons interested in such water appropriation shall appear and show cause why such appropriation or part of the appropriation should not be cancelled or annulled. If no one appears at the hearing, the unused part of the water appropriation may be cancelled.

At the bottom of the notice, the address, post office box number, telephone number, and fax number of the Department were listed. Copies of Neb. Rev. Stat. §§ 46-229 to 46-229.05 (Reissue 1998 & Cum. Supp. 2002) were enclosed with the notice.

At the hearing, the Department introduced as part of its evidence a verified field investigation report conducted for the Department by Brad Edgerton. The report included the following entry:

> On September 25, 2002 at about 9:00 A.M. I met with Lee and Craig Bose (brothers) at the shop west of Orleans, to discus[s] water appropriations [sic] A-4924.
>
> Craig stated that the acres under this permit have not been irrigated from the River in the past 10 years and that it is now irrigated with ground water wells.

At the hearing, Lee Bose testified that the field investigation report was not accurate:

> We do have a pivot on [the land subject to the appropriation]. And with one year exception when we did have a well go down, we did pump from this pump site on the south end of that in the mid-'90s one time.
>
> . . . .
>
> . . . We were down about a week and shoved a pump in there once when that well went down. Basically, in the last 10 years, we've been getting most of that water from the wells, but that is incorrect.

The following colloquy occurred during the cross-examination of Lee Bose:

> Q What determines whether you use the surface water or the groundwater well?
>
> A When it's dry, we get water wherever we can get it.
>
> Q Okay. But in the last —
>
> A And, yes — My point is, yes, we are set up to virtually irrigate that parcel with the wells.
>
> Q Is that because it's easier or cleaner water or what — why did you go from the surface water to the groundwater?
>
> A That's a no brainer. You don't have to get down in the muck and slop to get out of the river when it's 98 degrees out, yes.

Q Prior to this time your well broke and you used it, when was the last time that water was used out of the river on this property?

A Prior to that issue?

Q Uh-huh.

A I'm not aware that it was.

Following the hearing, the director of the Department issued an order canceling water appropriation A-4924. The order stated that the testimony at the hearing and the records of the Department established that the land subject to the appropriation had not been irrigated from the Republican River for more than 3 consecutive years. As such, the appropriation was ordered canceled pursuant to § 46-229.04. A petition for rehearing filed by the Boses was denied, and they appeal.

## ASSIGNMENTS OF ERROR

The Boses assign the following errors: (1) the Department's notice of hearing did not state the issues involved, as provided by Neb. Rev. Stat. § 84-913 (Reissue 1999); (2) the Department's notice of hearing did not contain "a department telephone number which any person may call for information regarding sufficient cause for nonuse," as provided by § 46-229.02; (3) the Department's finding that the land subject to water appropriation A-4924 had not been irrigated from the Republican River for more than 3 consecutive years is not supported by competent and relevant evidence and is arbitrary, capricious, and unreasonable; and (4) the Department erred in its determination because it failed to find sufficient cause existed for the Boses' nonuse, as provided by § 46-229.04(3).

## ANALYSIS

### ADEQUACY OF NOTICE

The Boses assert that the Department did not provide adequate notice because the notice failed to state the issues involved and failed to state a telephone number which could be called to obtain information regarding sufficient cause for nonuse. The identical issue was addressed by this court in *In re Water Appropriation A-5000, ante* p. 387, 674 N.W.2d 266 (2004). Therein, we held that the Department's notice provided adequate

notice of the issues to be taken up at the hearing and contained the information required under § 46-229.02. In the case at bar, we reach the same conclusion.

## DEPARTMENT'S FINDING

The Boses argue that the Department's finding that the land subject to water appropriation A-4924 had not been irrigated from the Republican River for more than 3 consecutive years is not supported by competent and relevant evidence and is arbitrary, capricious, and unreasonable.

In an appeal from the Department, an appellate court's review of the director's factual determinations is limited to deciding whether such determinations are supported by competent and relevant evidence and are not arbitrary, capricious, or unreasonable. *City of Lincoln v. Central Platte NRD*, 263 Neb. 141, 638 N.W.2d 839 (2002). A decision is arbitrary when it is made in disregard of the facts or circumstances and without some basis which would lead a reasonable person to the same conclusion. *Bethesda Found. v. Buffalo Cty. Bd. of Equal.*, 263 Neb. 454, 640 N.W.2d 398 (2002). A capricious decision is one guided by fancy rather than by judgment or settled purpose. *In re Application of Neb. Pub. Serv. Comm.*, 260 Neb. 780, 619 N.W.2d 809 (2000). The term "unreasonable" can be applied to an administrative decision only if the evidence presented leaves no room for differences of opinion among reasonable minds. *Pittman v. Sarpy Cty. Bd. of Equal.*, 258 Neb. 390, 603 N.W.2d 447 (1999).

In the case at bar, the field investigation report by Edgerton was introduced at the hearing as evidence that the appropriation should be forfeited and annulled. Section 46-229.04(1) provides in part that "the verified field investigation report of an employee of the department shall be prima facie evidence for the forfeiture and annulment of such water appropriation." Under the scheme set out in § 46-229.04(1), the burden then shifts to an interested party to present evidence to the Department that the water has been put to a beneficial use during the prior 3 consecutive years.

In *In re Applications T-61 and T-62*, 232 Neb. 316, 440 N.W.2d 466 (1989), we noted that the Department bore the burden to establish nonuse for the statutory period and that this fact

could be established by the verified report of the Department. Once the report has been presented, then the appropriator must show cause why the appropriation should not be terminated. " 'The language of the statute clearly indicates that the burden is upon the appropriator to present evidence showing either that water was taken, contrary to the report filed by the Department [of Water Resources], or that some excuse existed for the water not being taken.' " *Id.* at 325, 440 N.W.2d at 472.

The Boses did not sustain their burden to present evidence that the water had been put to a beneficial use during the prior 3 consecutive years. Lee Bose's testimony regarding use of the appropriation related to an incident that occurred in the mid-1990's. As such, the incident took place more than 3 years before the March 20, 2003, hearing with respect to water appropriation A-4924.

Nothing in the record demonstrates the use of water appropriation A-4924 after the mid-1990's, and therefore, the director's determination that the land covered by this appropriation had not been irrigated for more than 3 consecutive years is supported by the evidence and is not arbitrary, capricious, or unreasonable.

Once it has been established that a water appropriation has not been used for more than 3 consecutive years, it is the burden of the interested party, in this case the Boses, to present evidence that there was sufficient cause for nonuse. See § 46-229.04(1). The Boses claim that the Department failed to find that sufficient cause existed for their nonuse of water appropriation A-4924. The Boses refer to § 46-229.04(3)(c) and (e). These subsections state respectively that sufficient cause for nonuse exists when the available water supply is inadequate to enable its use for beneficial or useful purposes, or in circumstances where a prudent person, following the dictates of good husbandry, would not have been expected to use the water.

We conclude that nothing in the record attests to the Republican River's being an inadequate water source. As such, any argument that the Boses attempt to make regarding sufficient cause pursuant to § 46-229.04(3)(c) is without merit. To the contrary, the testimony presented at the March 20, 2003, hearing tends to show that the Boses used the appropriation from the Republican River only when their ground water wells contained an inadequate water supply. The evidence establishes that this

happened once in the mid-1990's, which was more than 3 years prior to the date of this hearing.

At the hearing, when asked why the Boses had used their ground water wells for irrigation instead of surface water available via water appropriation A-4924, Lee Bose testified that it was a matter of convenience. No evidence was presented to establish how mere convenience could rise to a level of conformance with the dictates of good husbandry. Therefore, the director of the Department did not err in failing to find that sufficient cause existed for nonuse pursuant to § 46-229.04(3)(e).

## CONCLUSION

The notice of hearing sent to the Boses complied with the applicable statutory requirements and placed the Boses on notice as to the issues that were to be addressed at the hearing. The director's finding that the land subject to water appropriation A-4924 has not been irrigated from the Republican River for more than 3 consecutive years was based on prima facie evidence in the form of the field investigation report. The Boses have presented no evidence that would necessitate a finding of sufficient cause for nonuse pursuant to § 46-229.04(3). As such, the Department's determination is supported by competent and relevant evidence and is not arbitrary, capricious, or unreasonable. We therefore affirm the Department's order canceling water appropriation A-4924.

AFFIRMED.