Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
10/14/2022 09:07 AM CDT

- 49 -

Nebraska Supreme Court Advance Sheets
312 Nebraska Reports
GELCO FLEET TRUST v. NEBRASKA DEPT. OF REV.
Cite as 312 Neb. 49

Gelco Fleet Trust, a Delaware statutory
trust, appellant, v. Nebraska Department
of Revenue and Tony Fulton, Nebraska
State Tax Commissioner, appellees.

___ N.W.2d ___

Filed July 22, 2022.    No. S-21-616.

1. **Administrative Law: Judgments: Appeal and Error.** A judgment or final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record.

2. ____: ____: ____. When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.

3. **Judgments: Statutes: Appeal and Error.** Whether a decision conforms to law and the interpretation of statutes are questions of law, in connection with which an appellate court reaches a conclusion independent of that reached by the lower court.

4. **Administrative Law: Words and Phrases.** A decision is arbitrary when it is made in disregard of the facts or circumstances and without some basis which would lead a reasonable person to the same conclusion.

5. **Words and Phrases.** A capricious decision is one guided by fancy rather than by judgment or settled purpose.

6. ____. The term "unreasonable" can be applied to a decision only if the evidence presented leaves no room for differences of opinion among reasonable minds.

7. **Judgments: Appeal and Error.** An appellate court, in reviewing a district court judgment for errors appearing on the record, will not substitute its factual findings for those of the district court where competent evidence supports those findings.

8. **Statutes: Taxation.** Statutory tax exemption provisions are to be strictly construed.

- 50 -

Nebraska Supreme Court Advance Sheets
312 Nebraska Reports
GELCO FLEET TRUST v. NEBRASKA DEPT. OF REV.
Cite as 312 Neb. 49

9. **Taxation: Proof.** The burden of establishing a tax exemption is placed on the party claiming the exemption.

Appeal from the District Court for Lancaster County: Lori A. Maret, Judge. Affirmed.

Jennifer D. Tricker, of Baird Holm, L.L.P., Michael Bowen, of Ackerman, L.L.P., and Raye C. Elliott, of Ackerman, L.L.P., pro hac vice, for appellant.

Douglas J. Peterson, Attorney General, and L. Jay Bartel for appellees.

Heavican, C.J., Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Cassel, J.

## INTRODUCTION

After Gelco Fleet Trust (Gelco) paid sales tax on the purchase price of a new vehicle, it filed a claim for a refund. Gelco alleged that it overpaid sales tax because the amount due should have been reduced by a credit for the value of a vehicle that Gelco claimed to have "traded in" some 6 weeks earlier. The Nebraska Department of Revenue (Department) denied the claim, and the district court affirmed. After reviewing the court's order for errors appearing on the record, we find none. Accordingly, we affirm the court's judgment.

## BACKGROUND

### Facts

Gelco is a Delaware statutory trust that transacts business in Nebraska. It purchases motor vehicles and then leases them to customers in Nebraska. As a lessor, Gelco elected to pay sales tax based on the cost of each vehicle to be registered in Nebraska that it purchased.[1]

---

[1] See Neb. Rev. Stat. § 77-2703(1)(h) (Cum. Supp. 2020).

- 51 -

Nebraska Supreme Court Advance Sheets
312 Nebraska Reports
GELCO FLEET TRUST v. NEBRASKA DEPT. OF REV.
Cite as 312 Neb. 49

In August 2019, Gelco disposed of a 2015 Chevrolet Equinox. A Nebraska certificate of title for the Equinox identified Gelco as seller and CTC of Virginia (CTC) as purchaser. On the other hand, a request that title be mailed to an Omaha auto auction identified the auction as the purchaser of the Equinox sold by Gelco. A "Vehicle History Report" for the Equinox showed that it was sold at an "Auto Auction" on August 29. According to information from the Nebraska Department of Motor Vehicles, "Dillons Auto" purchased the Equinox from CTC on August 29.

In October 2019, Gelco purchased from CTC a 2020 GMC Terrain. Gelco leased the Terrain to a Nebraska customer and paid sales tax of $1,573.79 on the full purchase price. The bill of sale from CTC to Gelco reflected an amount of $27,514.34 for the Terrain; an amount of $13,635.05 for the Equinox, which was identified as "Trade-In Vehicles"; a total net taxable amount of $13,879.29; and a tax amount due of $971.55. The "Nebraska Sales/Use Tax and Tire Fee Statement" (Form 6) for the purchase of the Terrain indicated that a vehicle had been traded in. Sections on the form for information regarding the trade-in vehicle were blank with the exception of the vehicle identification number, which number did not match that of the Equinox.

## Claim and Department's Decision

In September 2020, Gelco submitted a claim for refund of sales tax to the Department. Gelco requested a credit to its sales/use tax account of $749.93. It stated that the $1,573.79 in sales tax assessed on the Terrain should have been reduced by a credit of $749.93 for the Equinox, which had been "traded in to the selling dealer at the time of sale."

After initially crediting Gelco's account with the amount of the claim, the Department later notified Gelco that the claim had been paid in error. The denial letter explained that the trade-in vehicle must be taken in trade by the seller in the same transaction as the purchase of a vehicle. The Department

reasoned that "[a] motor vehicle sold at auction is not taken in trade by CTC . . . in the same transaction as the purchase of a motor vehicle."

The record from the Department is quite limited. Nowhere does it appear that Gelco requested an evidentiary hearing before the Department.

## District Court Proceedings

Gelco filed a petition in the district court to appeal the Department's decision. In an answer, the Department alleged that the Equinox was purchased at an auto auction by CTC and then sold by CTC to Dillon's Auto. According to the Department, the sale of the Equinox and purchase of the Terrain were two independent, distinct transactions and did not meet the requirements of a trade-in under § 77-2703(1)(i) and 316 Neb. Admin. Code, ch. 1, § 020.03A (2017).

The district court affirmed the Department's decision. After setting out Nebraska statutes and sales tax regulations, the court reasoned that both required a motor vehicle to be "'taken by a seller in trade'" as all or a part of the consideration for a sale of another motor vehicle in order to qualify for a trade-in credit.

The court determined that Gelco and CTC conducted two separate sales transactions and that neither qualified for a trade-in credit to be excluded from the sales price. According to the court, the first sale occurred in August 2019 and CTC held the consideration of $13,635.05 as a credit for Gelco, which it later applied against the purchase of the Terrain. The second sale occurred when CTC transferred title of the Terrain to Gelco for consideration of $13,879.29 and the $13,635.05 credit. The court reasoned that "[i]n neither sale was the Equinox 'taken by [CTC] in trade as all or a part of the consideration' for the purchase of the Terrain." The court concluded that the credit for the Equinox did not qualify as a trade-in credit because CTC resold the Equinox to Dillon's Auto prior to the sale of the Terrain to Gelco. Accordingly, the court

- 53 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
312 NEBRASKA REPORTS
GELCO FLEET TRUST v. NEBRASKA DEPT. OF REV.
Cite as 312 Neb. 49

found that the Department properly included the $13,635.05 credit in the sales price and calculation of sales tax.

The court rejected Gelco's argument that the bill of sale demonstrated the sale of the Equinox and the purchase of the Terrain occurred in the same sales transaction. It stated that CTC incorrectly identified the credit as a "'Trade-In Amount'" and explained that the credit could not be a trade-in credit because CTC did not take similar property or a motor vehicle as all or a part of the consideration for the sale of the Terrain. The court also pointed out that the Department did not deny Gelco's refund claim based on a temporal requirement, but, rather, denied it based on the determination that the Equinox was sold in one transaction and the Terrain was purchased in another transaction.

Gelco filed a timely appeal, which we moved to our docket.[2]

## ASSIGNMENTS OF ERROR

Gelco assigns that the court erred by (1) "holding that the trade-in vehicle must have been physically traded in to the seller on the same day as the purchase of the new vehicle in order to qualify" and (2) "holding that the credit Gelco received for the trade-in vehicle was not a 'trade-in credit' under Nebraska law."

## STANDARD OF REVIEW

[1,2] A judgment or final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record.[3] When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by

---

[2] See Neb. Rev. Stat. § 24-1106(3) (Cum. Supp. 2020).

[3] *Moore v. Nebraska Acct. & Disclosure Comm.*, 310 Neb. 302, 965 N.W.2d 564 (2021).

- 54 -

Nebraska Supreme Court Advance Sheets
312 Nebraska Reports
GELCO FLEET TRUST v. NEBRASKA DEPT. OF REV.
Cite as 312 Neb. 49

competent evidence, and is neither arbitrary, capricious, nor unreasonable.[4]

[3] Whether a decision conforms to law and the interpretation of statutes present questions of law, in connection with which an appellate court reaches a conclusion independent of that reached by the lower court.[5]

## ANALYSIS

[4-6] Gelco assigns two reasons why the district court erred in determining that Gelco was not entitled to a trade-in credit. Both of Gelco's assignments of error implicate the inquiry where review is for errors appearing on the record—whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.[6] A decision is arbitrary when it is made in disregard of the facts or circumstances and without some basis which would lead a reasonable person to the same conclusion.[7] A capricious decision is one guided by fancy rather than by judgment or settled purpose.[8] The term "unreasonable" can be applied to a decision only if the evidence presented leaves no room for differences of opinion among reasonable minds.[9]

Gelco's first assignment of error, read strictly, challenges a holding not made by the district court. Gelco asserts that the court held a trade-in vehicle must be physically traded in "on the same day" as a new vehicle purchase to qualify for the trade-in credit. But the court said no such thing. Although the court stated that the "trade-in and new vehicle purchase must occur in the same transaction," it did not require the

---

[4] *Id.*

[5] See *id.*

[6] See *id.*

[7] *In re Water Appropriation A-4924*, 267 Neb. 430, 674 N.W.2d 788 (2004).

[8] *Id.*

[9] See *id.*

- 55 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
312 NEBRASKA REPORTS
GELCO FLEET TRUST v. NEBRASKA DEPT. OF REV.
Cite as 312 Neb. 49

transaction to occur on the "same day." As assigned, this allegation of error is without merit.

Read broadly and in conjunction with Gelco's argument, the assignment contends that the court erred in holding two separate transactions occurred. In affirming the Department's decision, the court observed that the Department did not deny the claim based on a temporal requirement. Instead, the Department based its denial on a determination that the Equinox was sold in one sales transaction and the Terrain was purchased in another sales transaction.

On de novo review, the court also identified two transactions. The court recalled that a sale is defined as "any transfer of title or possession . . . of property for a consideration."[10] It found that one sale occurred when Gelco transferred title of the Equinox to CTC for $13,635.05 in consideration, which consideration was held by CTC as a "'credit.'" It then found that a second sale took place when CTC transferred title of the Terrain to Gelco for the credit from the first sale and an additional amount of consideration.

[7] The court's decision conforms to the law and is supported by the record. The record contained conflicting evidence regarding the purchaser of the Equinox sold by Gelco. One document—the certificate of title—showed that it was CTC, but a different document identified an auto auction. The court found that CTC was the purchaser, which finding has support in the record. An appellate court, in reviewing a district court judgment for errors appearing on the record, will not substitute its factual findings for those of the district court where competent evidence supports those findings.[11] Moreover, the record is clear that CTC sold the Equinox prior to Gelco's purchase of the Terrain from CTC. Rather than the trade-in occurring at the time of sale as Gelco asserted in its

---

[10] Neb. Rev. Stat. § 77-2701.33 (Reissue 2018).

[11] *Moore v. Nebraska Acct. & Disclosure Comm., supra* note 3.

- 56 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
312 NEBRASKA REPORTS
GELCO FLEET TRUST v. NEBRASKA DEPT. OF REV.
Cite as 312 Neb. 49

claim for a refund, the record supports the court's determination that Gelco and CTC conducted two sales.

Further, the court's decision is not arbitrary, capricious, or unreasonable. The court's reasoning demonstrates that its judgment is grounded in the facts contained in the record and the applicable law. Gelco's argument lacks merit.

Gelco's second assignment asserts that the court erred by holding that the credit it received did not qualify as a trade-in credit. Whether a credit is for a trade-in is consequential. This is because a credit for a trade-in is excluded from the sales price and is thus not subject to sales tax.[12]

[8,9] By excluding certain items from the sales price, § 77-2701.35(3) has the effect of exempting amounts that would otherwise be subject to sales tax. Thus, rules of statutory construction applicable to exemptions apply. Statutory tax exemption provisions are to be strictly construed.[13] The burden of establishing a tax exemption is placed on the party claiming the exemption.[14]

In certain situations, Nebraska law excludes from the sales price a credit for a trade-in. Credit is allowed for "[t]he value of a motor vehicle . . . taken by any person in trade as all or a part of the consideration for a sale of another motor vehicle . . . ."[15] Here, the district court determined that the credit Gelco received for the Equinox was not a "'trade-in credit'" because CTC resold the Equinox to Dillon's Auto before CTC sold the Terrain to Gelco. Under the circumstances, CTC did not take the Equinox as all or part of the consideration for the purchase of the Terrain, particularly when the record is silent regarding

---

[12] See Neb. Rev. Stat. § 77-2701.35(1) and (3)(e) (Reissue 2018).

[13] *Ash Grove Cement Co. v. Nebraska Dept. of Rev.*, 306 Neb. 947, 947 N.W.2d 731 (2020).

[14] *Big Blue Express v. Nebraska Dept. of Rev.*, 309 Neb. 838, 962 N.W.2d 528 (2021).

[15] § 77-2701.35(3)(e)(ii).

- 57 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
312 NEBRASKA REPORTS
GELCO FLEET TRUST v. NEBRASKA DEPT. OF REV.
Cite as 312 Neb. 49

any contemplation by the parties of the sale of another vehicle at the time that Gelco sold the Equinox.

Although the subsequently completed bill of sale for the Terrain identified the Equinox as a traded-in vehicle, the Form 6 did not. As the court recognized, the Form 6 for the Terrain purchase did not include a trade-in allowance and the vehicle identification number for the trade-in did not match that of the Equinox. It is the Form 6, not the bill of sale, which is the "certified statement of the transaction" referenced in § 77-2703(1)(i).[16]

Gelco did not meet its burden to show that it was entitled to a trade-in credit when it purchased the Terrain. The court's determination that Gelco's sale of the Equinox did not qualify for a trade-in credit conforms to the law, is supported by the record, and is reasonable. Gelco's second assignment of error also lacks merit.

## CONCLUSION

Upon our review for errors appearing on the record, we conclude the district court's determination conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. Accordingly, we affirm the judgment of the district court.

AFFIRMED.

MILLER-LERMAN, J., not participating.

---

[16] See § 020.03.